CHARLES A. WARREN, ADMINISTRATOR OF J. S. T. GREEN, v. WALLIS, LANDES & CO.

1. A partner has no separate and exclusive right to any portion of the partnership assets, and the creditor cannot execute and sell the interest of one partner as a separate interest while the undivided interest may be reached in equity.

2. The ownership of one partner in the property of the firm is subject to the like ownership of all the partners who hold subject to each other's ownership.

3. An attachment will not lie against the common property of a copartnership for the separate debt of one of the partners so long as the partner is indebted to his firm, or the firm indebted to third persons.

4. In a suit by a creditor of one partner to subject the partnership assets to the payment of his claim, the *onus probandi* is upon the plaintiff to show that the defendant has an interest in the assets over and above his debts to the firm, and the debts of the firm to third persons.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Wallis, Landes & Co., plaintiffs in a suit against Oscar Sullivan, procured an attachment to be levied May 11, 1869, on certain goods and merchandise in the sutler's store of Sullivan & Green, to the extent of an alleged half interest therein, claimed by them to be in the defendant Sullivan. The undivided half value of the goods was shown by the sheriff's return to amount to $951.99—the whole amounting to $1903.98. On the ninth of December, 1867, J. S. T. Green filed his claim to the goods, "in his individual capacity, and as a partner of the said firm of Sullivan & Green," together with the statutory affidavit and bond.

Green dying, the case was continued from term to term until his administrator was made a party. Wallis, Landes & Co. joined issue with the claimant by their answer. A trial was had, resulting in a verdict for the plaintiffs, subjecting the property to the levy of the attachment.

The cause was submitted to a jury under the following instruction, viz. : * * "It is incumbent on the claimant to show, from the state of the partnership account, that Sullivan would not be entitled to receive anything on the settlement of the partnership affairs, or not so much as claimed by plaintiffs, before he can defeat their levy in whole or in part. The settlement of Green and Sullivan of their partnership affairs, if made subsequently to the day of attachment, could not prejudice the rights of the plaintiffs on the attachments, their rights depending altogether upon the state of the partnership affairs at the date of levy of the attachment."

Verdict and judgment for plaintiffs. Error in the charge was relied on in motion for new trial.

*McLamore & Hume*, for appellant. — The court instructed the jury in effect that plaintiffs need make no proof of any facts but those of debt and partnership, and that they must find for them, unless claimant made out affirmatively the absence of any interest in Sullivan. This error seems to us so grave as to demand a reversal of the case. The court should so have defined partnership liabilities as to embrace in those terms the debts due by Sullivan & Green to Green. (Collier on Partnership, §§ 166, 822. See also Austin v. Talk, 20 Texas, 166–7; Shropshire v. Doxey, 25 Texas, 128; and Chamberlain v. Tarbox, 27 Texas, 146.)

*Mann & Baker*, for appellees.—If appellant was not satisfied with the charge of the court, it was his duty to ask counter or proper charges, or except to those already given. This he did not do, and he cannot now, for the first time in the appellate court, object to the charge of the District Court.

"Objections to the charge of the court below to the jury should be taken in the court at the trial, and the proper charge asked then." (28 Texas, 55–6; Ib., 134; 26 Texas, 748; 14 Texas, 16; Ib., 30.)

"If the defendant's counsel wish the instructions of the judge to the jury on any point, which was omitted in the charge, his course was to suggest the point, and have an opinion on it." (16 Texas, 387; 11 Wheat., 276.)

Again, exceptions to charge of the court must be taken on the trial, or they will not be considered by the appellate court. (3 Texas, 400; 14 Texas, 16; Ib., 30; Ib., 592.)

WALKER, J.—This is an action to try the right of property. Jacob S. T. Green in his lifetime was a partner with

Oscar Sullivan in the sutler business. Sullivan owed an individual debt to Wallis, Landes & Co., the appellees, who sued out an attachment in the District Court of Galveston county on the eleventh day of May, 1869, and caused it to be levied on the sutler's store of Sullivan & Green, to the extent of one-half the amount of the goods. Green claims that his partner, Sullivan, had no interest in the goods at the time, that they had lost money by their business, that Sullivan was behindhand with the firm, and that their stock on hand was not sufficient to pay the partnership debts and Sullivan's debt to the firm.

It is a principle of law well settled that an individual partner has no separate or exclusive right to any part or portion of the partnership assets rather than to any other part or portion. The partners have a common interest in all the assets. No one partner being allowed to claim a separate interest, it follows that his creditor cannot execute and sell a separate interest, whilst the undivided interest may be reached in equity.

The ownership of one partner in the property of the firm is subject to the like ownership of all the partners, who hold subject to each other's ownership.

Parsons says, in his work on Partnerships, "It must be remembered, not only the ownership of each partner is subject to the ownership of all the others, but that all the partners together hold the property subject to the right and obligation of the partnership, as a body *per se*, to apply all its funds to the payment of all its debts." (See Washburn v. The Bank of Bellows Falls, 19 Vt., 299.)

This being the law, an attachment could not lie against the common property for the separate debt of one of the partners, so long as that partner is indebted to the firm, or the firm indebted to third persons.

This case has been twice tried by a jury, the appellees recovering in both instances. For this we are unable to account, for the evidence does not show that Sullivan had one dollar of interest in the partnership stock that was not necessary to pay his own debts to the firm of Sullivan & Green, or to pay the debts of the firm.

Counsel appear to have understood the manner in which this case should be tried.

The onus was on the appellees of proving that Sullivan had an interest in the stock, over and above his debts to the firm, and the debts of the firm to third persons, and by consent of counsel the case was so tried below, the appellees taking the opening and closing. But the court did not instruct the jury as to the proof necessary to entitle the appellees to recover; the charge virtually relieved the plaintiff below from making any proof, necessary to entitle him to recover.

The obvious import of the charge was that Green, the claimant of the property, must make out affirmatively the want of any interest in Sullivan. The truth is, the evidence does make this out by an overwhelming preponderance, and we can only account for the verdict upon the supposition that the jury was misled by the charge. A verdict so manifestly against the evidence should not only be set aside once, but as often as may be necessary in order to reach the ends of justice.

It was error to overrule the motion for a new trial.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.