DE FOREST, ARMSTRONG & CO. v. CHARLES MILLER.

1. WHEN PLAINTIFF IS NOT ENTITLED TO JUDGMENT BY DEFAULT AGAINST A CLAIMANT.—No judgment by default can be rendered against a claimant of property seized under execution, and who by giving the statutory bond has obtained possession of the property, until after an issue is directed by the court. The act of the plaintiff, in filing a plea without notice to the claimant before default day, and tendering an issue, does not entitle him to judgment on default day in the absence of an answer by claimant.

2. WHEN INTEREST OF A PARTNER MAY BE SOLD UNDER EXECUTION.—The separate interest of a partner may be seized and sold under execution, subject to the rights of other parties, and the creditors are not bound to wait until those rights are ascertained, but may require the sheriff to proceed and sell. (The doctrine announced in Warren *v.* Wallis, Landes & Co., 38 Tex., 228, qualified.)

APPEAL from Marion. Tried below before the Hon. M. L. Crawford.

This case was before the court at a former term, and the appeal dismissed, being from an interlocutory judgment, (37 Tex., 389.) All the facts necessary to a proper understanding of the case will be found embodied in the opinion.

*H. McKay*, for appellants.

DEVINE, ASSOCIATE JUSTICE.—The proceedings in this cause originated in a seizure under an execution on behalf of appellants of the goods of Hugo Fox, to satisfy a judgment against Fox and others. Appellee, Miller, made claim, verified by affidavit, to one-half the goods taken in execution, claiming to be a partner in the business, and the owner of one-half of the stock, gave the required bond, and received the goods from the sheriff. The claim of appellee being docketed, and an issue between the parties being made, by order of the presiding judge, and a trial was had, a verdict being found in favor of the claimant; a judgment was rendered that plaintiffs take nothing by their suit, &c.

The plaintiffs' motion for a new trial being overruled, the cause is presented on appeal.

The first, second, and third assignments of error may be taken together and considered in substance as one assignment. They present, as causes for a reversal, the refusal of the judge to render judgment by default on motion of appellants; permitting the claimant, Miller, to tender an issue after the day set for taking defaults; and "in directing plaintiffs to make up an issue with the defendant and try the said cause, as if no motion had been made for judgment by default."

The bill of exceptions taken by appellants on these questions shows that on the 5th of October, 1872, (the day for the taking judgments by default,) plaintiffs appeared by attorney, presented to the court issues previously filed in the cause, without notice to the opposite party, and asked for a judgment by default. Claimant's counsel at the same time appeared, asserted he had no notice of any issues being made up, and asked that the court should direct the issues to be formed. The court not being satisfied as to the proper action to be taken, held the subject under consideration. On the 16th of October appellant's counsel again called the attention of the court to the subject, and

again asked for a judgment by default, when claimant's counsel also appeared and moved the court to direct the issue to be made, tendering to the plaintiffs, subject to the action of the court, an issue on the part of claimant, "and offered, as he had done when the cause was first called, to make up the issues or join therein, as the court might direct."

The court refused to enter a judgment by default, directed the issue to be made and the cause to stand for trial when reached in its regular order for trial on the docket. In this we find no error. There was no default on the part of claimant that would have authorized the court to enter the judgment asked by plaintiffs' counsel. Defendant's attorneys were ready to file an answer or join issue, if the court should so direct, and repeatedly asked the court to direct the issue to be formed. The statute providing for the trial of the right of property provides: " If both parties appear, the court shall direct an issue to be made up between the parties and tried by a jury." (Pas. Dig., art. 5312.) The time taken by the court to consider what action should be taken neither impaired nor delayed any legal right of plaintiffs.

The remaining assignments of error, that the court refused to give the charges asked by plaintiffs, and refused to grant a new trial for the reasons set forth in their motion for a new trial, will be considered together. The charges asked and refused embraced instructions which were not the law of the case. The court was not required to revise or separate that which was applicable from those portions which were not, and there was no error in the refusal to give them.

Among the reasons stated in the motion for a new trial, the error in the charge of the court is mainly relied on. The charge of the court was in substance correct, but misled the jury on one point. It informed the jury that of the goods levied on as the property of Hugo Fox, the de-

fendant, Miller, claimed the one-half as his, Miller's, prop-
erty, and then told the jury that the question to be determ-
ined was, "is that portion of the stock of goods claimed
by Miller (that is, one-half) subject to the execution
against Hugo Fox?" and that, "if the goods claimed by
Miller are the property of Fox, they are subject to the
execution against Hugo Fox, and you should find for the
plaintiffs;" * . * * "but if the evidence shows that
the goods claimed by Miller are his property, or that
Fox and Miller were partners in business, and owned the
whole stock of goods jointly and in equal proportions, then
the goods claimed by Miller would not be subject to the
execution, and you should find for the defendant." These
extracts contain the material portions of the charge, and
under the issue formed, pleadings, and evidence in the
case. This was error in the charge. It assumed that Mil-
ler, by reason of his partnership interest in the stock of
goods, would be entitled to the whole, when his claim was
only for the half. The jury found for the defendant, that
is, for all that he claimed, the one-half of the goods taken
under execution by the sheriff. He was, by the verdict,
entitled to this and nothing more. The judgment was
therefore erroneous in decreeing that the plaintiffs in exe-
cution take nothing by their suit. Plaintiffs were entitled
to have a decree in their favor, adjudging the one-half ad-
mitted to be the property of Fox liable to the execution.
This error of the court in the charge doubtless grew out of
the decision in the case of Warren *v.* Wallis, Landes &
Co., 38 Tex., 228. The present case is entirely different.
In that case, as in the case of Converse & Co. *v.* McKee, 14
Tex., 20, it was alleged and shown, by the solvent partner
claiming the property, that the partner whose supposed
interest was levied on had no interest in the partnership
assets, and that consequently there was nothing to seize
under the executions.

In the case at bar the claimant neither asserted nor

attempted to prove the existence of any debt against the partnership. He made no claim and offered no evidence to show any interest in the half owned by Fox. He claimed for himself one-half of the goods, and nothing more.

In the case of Warren v. Wallis, Landes & Co., 38 Tex., 228, the court said: " It is a principle of law well settled that an individual partner has no separate or exclusive right to any part or portion of the partnership assets rather than to any other part or portion. The partners have a common interest in all the assets. No one partner being allowed to claim a separate interest, it follows that his creditor cannot execute and sell a separate interest whilst the undivided interest may be reached in equity." The first portion of this extract is not questioned; the latter portion we dissent from. Mr. Story, in his treatise on Partnership, 3d ed., p. 404, declares that the separate interest of a partner may be taken and sold under execution by the sheriff subject to the rights of other parties, but the creditor is not bound to audit until those rights are ascertained, but may require the sheriff to proceed and sell. The like principle is declared in 3 Kent's Com., 77, 78, and such has been held by this court in Rogers v. Nichols, 20 Tex., 725, and Thompson v. Tinnin, 25 Tex. Supp., 56.

For the error in the charge, and refusal to grant a new trial, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Associate Justices MOORE and REEVES did not sit in this case.]