# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1876.

### H. E. BRADFORD ET AL. V. MOSES JOHNSON ET AL.

1. SUGGESTION OF DELAY, when made, requires the Supreme Court to look to such errors as go to the merits of the case or foundation of the action.

2. PARTNERSHIP BY MARRIED WOMAN.—There is no statute or authority in the decisions of this court which recognizes the right of a married woman by simple contract to form a partnership with other persons, and therein use her separate property and retain an interest as partner separate and exclusive of the interest of the husband.

3. LEVY OF EXECUTION UPON THE INTEREST OF A PARTNER.—The interest of one member of a partnership in partnership property is subject to levy and sale under execution against such partner.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

The appellees, Moses Johnson, Isaac Walker, and Harriet Fry, joined by her husband, David Fry, brought suit against H. E. Bradford and James A. Sloan, alleging that on 12th May, 1870, said Johnson, Walker, and Harriet Fry entered into a co-partnership of that date for the purpose of making, burning, and selling brick; that the members of said partnership, Harriet acting by her husband and agent, David Fry, carrying out said agreement of partnership, made and burnt a brick.kiln, containing 75,000 brick; that 20,000 of said brick were, August 25, 1870, seized and carried off by defendants, the brick being of the value of three hundred dollars; and damage to the business, in addition, alleged to be one hundred and fifty dollars.

The defendants demurred; pleaded a general denial; and specially that the said David Fry had an interest in said

brick, and that Sloan as constable had levied on and sold the brick under an execution in favor of one J. D. Wright; that the brick were pointed out by David Fry, and that defendant Bradford purchased the brick at the constable's sale.

Verdict and judgment were for plaintiffs. Defendants appealed. Appellees suggested delay.

No briefs have reached the reporters.

ROBERTS, CHIEF JUSTICE.—This is a suit brought by appellees against appellants to recover damages for taking possession and hauling off a number of brick from the brick-kiln owned by appellees as partners of a firm established by articles of agreement entered into between Johnson, Walker, and Harriet Fry, while the wife of David Fry, with his approval, in which her separate property was used; said partnership being entered into for the purpose of making brick for sale; which work was carried on by Johnson, Walker, and David Fry on behalf of his wife. They recovered a judgment, from which an appeal was taken. On the part of defendants below, it was claimed in defense, that David Fry was the real owner of one-third interest in the brick which were levied on by Sloan as a constable, by virtue of an execution against David Fry, and when sold were bought by Bradford at the constable's sale.

Errors were assigned by Sloan, objecting to the sufficiency of the evidence and the charge of the court; and the appellees suggest delay and ask an affirmance, with damages; which requires this court to look to such errors as go to the merits of the cause or foundation of the action.

The first question is, would the facts as alleged in the petition, if fully proved, support the verdict and judgment? This involves the question whether or not a married woman can, by simple contract, with the consent of her husband, enter into a partnership with other persons, and therein

use her separate property in the business of making brick for sale, and retain therein an interest, as a partner of the firm, separate from and exclusive of the interest of the husband, and, as done in this case, recover a judgment, in connection with the other partners, for damage done to the property of said firm, leaving the name of the husband out of the judgment.

As this question is not specifically pointed out in the assignment of errors or raised by the action of the parties below, it is hardly necessary to consider it further than to say that there is no statute or authority in the decisions of this court which recognizes the right of a married woman to make a valid contract of partnership of this kind.

The second question arises upon the following charge of the court, to wit: "The burden of showing that David Fry had an interest in the brick, and that over and above his debts to the firm and the debts of the firm to third parties, devolves on the defendants in this case," and unless it was so shown that plaintiffs must recover.

This was in effect an instruction to the jury, that although they might be satisfied that David Fry had an interest in the brick as a partner, his interest therein could not be levied on and sold under an execution against him, unless defendants could show that David Fry was not indebted to the firm and that the firm was not indebted to other persons.

This court has decided to the contrary, in accordance with well-established authority. (De Forest *v.* Miller, 42 Tex., 34.)

For this error in the charge of the court the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.