## C. S. LONGCOPE v. J. S. BRUCE.

1. PRACTICE.—Where two plaintiffs prosecute a suit for damages to their joint property, it is error to allow verdict and judgment in favor of one of the plaintiffs.

2. VERDICT.—In a suit against a sheriff and an execution creditor for seizure of goods in which issue is taken between the sheriff and the execution creditor, who had given an indemnity bond, a general verdict for plaintiff will not authorize a judgment *over* in favor of the sheriff against the plaintiff in execution.

3. JOINT TRESPASSERS.—In a suit against a sheriff and the execution creditor for a wrongful seizure, to recover against the creditor, it must have been shown that he was a joint trespasser; and in such case the sheriff could not have had judgment *over* against the execution creditor.

4. PARTNERSHIP—GOODS LIABLE TO EXECUTION.—Partnership goods may be seized and the share of a partner sold under an execution against such partner.

5. Warren v. Wallis, 38 Tex., 225, overruled.

6. JOINDER OF ACTIONS.—Action against a sheriff for wrongful seizure of goods cannot be joined with a suit on an indemnity bond, executed to the sheriff, against the makers of such bond.

7. VARIANCE.—In an action by partners, it is error to charge the jury that if the goods seized were the property of plaintiffs or of one of them, the defendants are responsible.

8. INDEMNITY BOND.—Such bond, executed subsequent to a levy, does not render the maker of the bond liable as a joint trespasser for the levy.

9. LIABILITY OF JUDGMENT CREDITOR FOR ILLEGAL LEVY.—To fix such liability upon the judgment creditor for a levy, it must appear (1) that no interest in the goods belonged to the defendant in execution; and (2) that the creditor ordered or instigated the levy upon the goods seized.

APPEAL from Colorado.    Tried below before the Hon. Livingston Lindsay.

August 23, 1870, J. S. Bruce sued C. S. Longcope and Wm. M. Smith, sheriff of Colorado county, and his sureties for damages, in that Smith, at the instance of Longcope, had, on 19th March, 1870, seized a stock of medicines, goods, and merchandise, the property of petitioner and one A. J.

Wynn, under an execution in favor of Longcope and against one W. L. Wynn.

Smith answered that he had levied on the goods as the property of W. L. Wynn, defendant in execution, and that he had been indemnified by Longcope and his surety, A. J. Burke, for making the seizure complained of, and asked, in event judgment be rendered for plaintiff, that it be rendered against Longcope and his surety (Burke) on his indemnity bonds.

By amended petition, A. J. Wynn was made a party, and he appeared as plaintiff; Bruce and A. J. Wynn alleging the stock of goods to belong jointly to them.

Longcope pleaded that he had executed the indemnity bond to Smith after the seizure; that he had given Smith no directions to levy upon any specific property, and gave the bond at the request of Smith and upon his representations after the levy had been made, and that as to plaintiff's cause of action, defendant had not advised the seizure, and as to Smith's plea asking judgment *over*, that by the terms of the bond it was not broken, and could not be until Smith had suffered damage.

Smith, by further amendment, pleaded that the sale by W. L. Wynn to A. J. Wynn was fraudulent, and with intent to hinder, delay, and defraud his creditors; alleging specific acts relied on as evidence of such fraud.

Plaintiff, before final trial, dismissed as to all the defendants but Longcope, Smith, and Schmidt, (a surety of the sheriff.)   Verdict and judgment were rendered in favor of plaintiff Bruce for $714.06, and execution over was ordered against Longcope by reason of his indemnifying Smith.   Longcope appealed.

*R. V. Cooke*, for appellant, cited Sayles's Prac., sec. 48; Douglas *v.* Clark, 14 Johns., 177; McClure *v.* Erwin, 3 Cowen, 313; Rockfeller *v.* Donelly, 8 Cowen, 623; Chase *v.* Hinman, 8 Wend., 452.

*Crank & Webb,* also for appellant, cited Illies *v.* Fitzgerald, 11 Tex., 423 ; Story on Cont., secs. 573, 575 ; Kneeland *v.* Rogers, 2 Hall, (N. Y.,) 587 ; Allair *v.* Ouland, 2 Johns. Cases, 52 ; Doty *v.* Wilson, 14 Johns., 381 ; Coventry *v.* Barton, 17 Johns., 144 ; Stone *v.* Hooker, 9 Cowan, 154 ; also, Campbell *v.* Jones, 4 Wend., 306 ; Scott *v.* Tyler, 14 Barb., 202 ; Gilbert *v.* Wiman, 1 Coms., 550 ; Webb *v.* Pond, 19 Wend., 423 ; Aberdeen *v.* Blackmar, 6 Hill, 324; also, Briscoe *v.* Bronough, 1 Tex., 326 ; Parks *v.* Willard, 1 Tex., 350 ; Bacon *v.* O'Connor, 25 Tex., 213 ; Powell *v.* Haley, 25 Tex., 53 ; Walton *v.* Compton, 28 Tex., 569 ; Green *v.* Banks, 24 Tex., 518.

*W. J. Darden,* for appellee.

No brief for appellant came to the reporters.

IRELAND, ASSOCIATE JUSTICE.—Bruce alleged that A. J. Wynn was part owner of the stock of goods levied on by the sheriff, and asked that he be made a party plaintiff. Wynn came in by proper plea and the cause progressed in the name of Bruce and Wynn until the rendition of the judgment, and then we find Bruce alone recovering. Appellee, when on the witness stand testified " that he owned one-half of the goods levied on, and that A. J. Wynn was the owner of the other half."

The judgment however is in favor of Bruce alone, and the cause does not appear to have been disposed of in any way so far as A. J. Wynn is concerned. This is error.

The jury did not say against whom they found. There was no issue found as between Longcope and Smith, who had impleaded each other on the bonds of indemnity, and yet there is not only a judgment against Longcope, but he is made liable for the judgment before Smith can be disturbed. Certainly it requires no argument to show that such a finding will not support this judgment against Longcope. (Claiborne *v.* Tanner, 18 Tex., 77.)

Longcope cannot be held liable in this suit by the plaintiff on the bond of indemnity. If there was a trespass committed by Smith, and Longcope had joined in that trespass, he could have been sued with the sheriff; but this judgment makes him liable, because he had indemnified the sheriff.

The court charged the jury that "if Bruce really had an interest in the goods levied on and sold, it was a trespass in the sheriff to seize and sell his portion of the goods under an execution against W. L. Wynn."

This charge is based upon the theory that where there is a stock of goods owned jointly by two or more persons, the interest of one cannot be sold without subjecting the officer to an action for damages by the other partners. The reverse of this is believed to be the settled law of this country, and it has been so understood by the courts and the profession until the announcement of the decision in Warren v. Wallis, 38 Tex., 225. The case in 38 Tex. has been overruled at this term of the court.

The jury was told further that if it believed from the evidence that the property levied on by the sheriff was the property of plaintiff, and not the property of W. L. Winn, then the sheriff and his sureties and C. S. Longcope were liable. This charge was also erroneous. The plaintiff could not sue Longcope in this suit on his bonds to the sheriff; and to make him liable as a trespasser is to assume, as the charge does, that he made himself a party to the trespass, which was denied by Longcope.

In another part of the charge the jury was told that if they believed from the evidence the property seized belonged to Bruce, or to Bruce and Wynn, then the defendants were liable for what the goods were worth. This charge was also erroneous.

The suit, by the pleadings, was a suit by Bruce and Wynn; and if the proof showed that only one of them had an interest in the property, there could be no recovery, because the proof would not have sustained the case made in

the pleadings. (Hall *v.* Jackson, 3 Tex., 305 ; Thompson *v.* Thompson, 12 Tex., 329 ; Parker *v.* Beavers, 19 Tex., 410.)

It is insisted that Longcope made himself a trespasser by giving the indemnity bonds. The executions were levied on the 1st March, and the bonds are dated, one 14th of March and the other in April. This would be carrying the doctrine to a great length, and would be in effect to make all persons who should express the opinion that the goods belonged to the execution debtor, and approved of the levy, joint trespassers with the sheriff. The real issues, as between the plaintiffs and Longcope, were, 1st, Did the goods, or any interest in them, belong to the execution defendant? If this could have been answered in the affirmative, then there would have been no cause of action against either Smith or Longcope for simply taking the goods in execution ; if answered in the negative, then, 2d, Did Longcope order or instigate the sheriff to levy on these goods? And unless this could have been answered in the affirmative, there was no cause of action against Longcope in favor of the plaintiffs.

If the sheriff shall suffer loss by reason of the levy, after making all the defense he can, he may then sue Longcope on the indemnity bonds, and the courts can then determine the extent of his liability. We express no opinion on the facts in this case as to the issue between the plaintiffs and Smith ; Longcope alone has appealed.

The judgment is reversed and the cause remanded.

Reversed and remanded.