ERWIN AND MAGALE v. WILLIAM H. BOWMAN.

1. TRESPASS—SHERIFF.—A sheriff or constable who enforces by levy and sale the collection of a judgment in which he has an interest beyond his regular fees, is a trespasser; so also is the judgment creditor who directs or procures such levy or sale, after creating by contract such an interest in the officer.

2. CHARGE OF COURT—PRACTICE.—A judgment will not be reversed on account of an improper charge not specially complained of until after appeal, when, from an inspection of the evidence, it is manifest, that if, under a proper charge on the point, a verdict had been rendered for appellant, it should have been set aside.

3. DISTINGUISHED.—This case distinguished from Longcope v. Bruce, 44 Tex., 438.

4. TRESPASS—CONSTABLE.—A constable or sheriff who, being interested in a judgment beyond his legal fees, commits a trespass by levy and sale of the property of the judgment debtor, cannot set up in mitigation of damages the fact that the proceeds of sale were

.33

appropriated to pay the plaintiff's debt, when such appropriation was made without the request or assent of the plaintiff.

5. DAMAGES.—The fact that property seized by an officer in violation of law, in such manner as to constitute a trespass, was incumbered at the time of seizure by a trust deed, will not avail the trespasser as a defense in a suit to recover damages by the party who executes the trust deed.

APPEAL from Brazos. Tried below before the Hon. John B. Rector.

J. F. Magale, one of the defendants in the court below, recovered a judgment in the District Court of Brazos county against W. H. Bowman for the sum of $991.41. Writs of execution had been regularly issued on that judgment and the same kept alive.

On the 14th day of April, 1873, the clerk of the District Court of Brazos county issued the last writ of execution upon the judgment directed to the sheriff or any constable of Brazos county. That *fieri facias* was, in April, 1873, placed in the hands of defendant Erwin to be executed, who was at that time a constable of Brazos county.

Erwin, by virtue of that execution, as constable, levied upon and took into his possession certain personal property of Bowman, and, after duly advertising, sold the same at public auction to the highest bidder, and applied the proceeds of sale to the satisfaction of the execution.

Before making the levy and sale, there was a verbal agreement between Magale, the judgment creditor, and Erwin, constable, that Erwin should receive as compensation for his services in collecting the judgment one-fourth of the amount of collections made on it.

On the 22d day of May, 1873, Bowman brought this suit against both Erwin and Magale for the seizure and conversion of his property. They justified under the *fieri facias* against Bowman issued from the District Court of Brazos county on the judgment in favor of Magale, under which the property of Bowman was seized and sold, and to the satisfac-

tion of which the proceeds arising from the sale had been applied, as shown by the officer's return on the execution.

Bowman replied, that if Erwin were such officer, he had, before the seizure, acquired an interest in the judgment above the amount of his fees as constable; that he had contracted with Magale to collect the judgment and to receive therefor one-fourth of the amount for collecting it, and Magale had transferred and set over to Erwin one-fourth of the judgment and of the amount he might collect thereon; that Erwin had concealed from Bowman his interest in the judgment, and such interest disqualified Erwin to execute the writ so that he could not justify the seizure thereunder. There was demurrer to the petition and to the replication, but no action of the court invoked on either.

The evidence of Erwin disclosed that the judgment debtor (Magale) agreed to give Erwin two hundred dollars, or about one-fourth of the judgment. The evidence also showed that Erwin, after making the levy upon horses and buggies of Bowman, used them before sale, on one occasion going with one of the horses and a buggy for several days on a hunting expedition. The testimony of Magale was, that he agreed to give Erwin one-fourth of the judgment if he collected it—nothing if he did not. The money resulting from the sale of the property, according to Erwin's testimony, was all paid over to Magale, less legal fees, he determining to look to Magale for payment under his contract.

B. H. Davis testified that he had paid, as the attorney of Magale, to Erwin, the amount Erwin was to receive on the contract out of the money realized from the sale, and a buggy levied on which was bid in for Magale. One Hill had a deed of trust on four of the buggies to secure a debt due him from Bowman.

The court gave, among others, the following charge, which was assigned as error, viz.: "If you find from the evidence that at the time of the levy of the execution issued 14th of March, 1873, on the property mentioned in the exhibit at-

tached to said execution, the defendant L. Erwin was a constable of Brazos county and the property levied on was the property of plaintiff, then you will find for plaintiff against both of the defendants, if you believe from the testimony that at the time of the levy and sale of said property the defendant L. Erwin was a constable as aforesaid and had an interest in the judgment or its proceeds, upon which said execution was founded, beyond his regular fees of office."

The second general charge of the court was as follows: "Should you find for plaintiff, the measure of damages will be the value of the actual interest of plaintiff in the property sold by Erwin at the time of sale and the direct and immediate damages resulting to the benefit of plaintiff." Appellants, in argument, objected to the giving of this charge when considered in connection with the following portion of a charge given at plaintiff's request, viz.: "And this part of the damage cannot be diminished, should you find as above, by the fact that the proceeds of the property may have been appropriated to a debt owed by plaintiff to any one."

The value of the property fixed by witnesses was the amount it brought at the sale, viz., $970. Verdict and judgment for Bowman for that amount; from which Erwin and Magale appealed.

*Davis & Beall,* for appellants.

I. In the first general charge there was manifest error, even conceding that an interest in the judgment would disqualify the constable from executing the *fieri facias,* because it in terms absolutely fixes the liability of the defendant Magale, upon the finding of the jury, "that at the time of the levy and sale under the execution Erwin was a constable, and had an interest in the judgment or its proceeds beyond his regular fees." The liability of Magale is not made to depend upon any instruction or direction given, or any act done by him respecting the levy of the *fieri facias,* but solely, under the charge of the court, upon the official character of Erwin

and his interest in the *fieri facias* at the time. *Non constat* that Magale caused the levy to be made by Erwin, or that he ever intended that it should be so made; and yet that is the very gravamen of the plaintiff's case against the defendant Magale. The doctrine is well settled, that a party is answerable only for the validity of the process—not for any irregularity of the sheriff in executing it, unless committed by his orders. (2 Hill. on Law of Torts, p. 215, sec. 33; Cogburn *v.* Spence, 15 Ala., 549; Vinton *v.* Weaver, 41 Maine, 430.)

And whether a subsequent assent to the trespass will or will not make him a trespasser *ab initio,* such assent must be clear and explicit and founded on a clear knowledge of the trespass. (West *v.* Shockley, 4 Harring., 287; Kreger *v.* Osborn, 7 Blackf., 74; Read *v.* Markle, 3 Johns., 523.)

II. The court erred in its second general charge to the jury as to the measure of damages, especially when considered in connection with that part of the charge given at request of plaintiff, which reads as follows: "And this part of the damage cannot be diminished, should you find as above, by the fact that the proceeds of the property may have been appropriated to a debt owed by plaintiff to any one." (Yale *v.* Saunders, 16 Vt., 243; Stewart *v.* Martin, 16 Vt., 397; Irish *v.* Cloyes, 8 Vt., 30; Clark *v.* Washburn, 9 Vt., 302; Squire *v.* Hollenbeck, 9 Pick., 551; Pierce *v.* Benjamin, 14 Pick., 356.)

*J. D. Thomas,* for appellee.

I. If Erwin was so interested in the judgment of Magale against Bowman that any part of the money to be collected thereon, above the amount of his fees as constable, was his, then he cannot justify the seizure under the writ. (Const. 1869, art. 5, secs. 18, 21; Paschal's Dig., arts. 995, 1014, 1979; Powell *v.* Wilson, 16 Tex., 60, 61; Carpenter *v.* Stilwell, 11 N. Y., 66, 67; Mills *v.* Young, 23 Wend., 315; Sherman *v.* Boyce, 15 Johns., 445, 446; Herman on Executions,

secs. 205, 206; Rorer on Judicial Sales, secs. 594, 1024, 1028; Crocker on Sheriffs, sec. 2, and authorities there cited.)

II. If the interest of Erwin in the judgment defeats the defense that the seizure was by an officer under an execution, then defendants cannot set off against damages for the value of the property taken the fact that such value has been credited on the execution. (Paschal's Dig., arts. 3443, 3445; Duncan *v.* Magette, 25 Tex., 249, 250; McMichael *v.* Mason, 13 Penn. St., 214; Dallam *v.* Fitler, 6 Watts & Sarg., 323; Hanmer *v.* Wilsey, 17 Wend., 91.)

GOULD, ASSOCIATE JUSTICE.—The policy of the law forbids a sheriff or constable to enforce an execution for his own benefit, and the court did not err in so much of the charge as held Erwin, the constable, liable as a trespasser, if at the time of the levy and sale he had an interest in the judgment or its proceeds beyond his regular fee as constable. (Paschal's Dig., art. 995; Carpenter *v.* Stillwell, 11 N. Y., 66; Mills *v.* Young, 23 Wend., 315; Rorer on Judicial Sales, secs. 594, 1024, and references; Riner *v.* Stacy, 8 Humph., 288.)

If either levy or sale was made by the direction or procurement of Magale, the judgment creditor, after having by his contract with Erwin made him so interested, then he, too, was a trespasser. The charge of the court as to Magale's liability, however, was not so qualified. As given, the charge was erroneous; for it assumed that Magale was a trespasser if Erwin was interested in the proceeds of the execution levied. But our opinion is, that this error in the charge did not prejudice the defendant Magale, and does not, under all the circumstances of the case, justify a reversal of the judgment. It was beyond controversy that if Erwin was so interested as to be a trespasser, he became so through his contract with Magale, and the latter thereafter indemnifying him and accepting the proceeds of the sale, adopted the constable's acts in levying and selling as his own. Magale's liability, under the circumstances, was scarcely more questionable than if he

had been present and assisted at the original levy. The indemnifying bond was but one of the circumstances fixing that liability, and in that respect the case is clearly distinguishable from Longcope *v.* Bruce, 44 Tex., 438.

Although Magale set up the defense that he had not participated in Erwin's trespass, the record fails to show that this defense was actively urged at the trial. No charge is found, asked for Magale, presenting that defense, and the motion for new trial fails to show that the attention of the court was called to the error in the charge on that point. Indeed, whilst the assignment of errors objects to the paragraph of the charge embodying this error, the objection specified in the assignment is only on the question of Erwin's interest and the vagueness of the charge. The objection to the charge as injurious to Magale, apart from Erwin, does not appear to have been made below, or to be intended to be one of the errors assigned. The evidence fixing the liability of Magale, if Erwin was liable, was such, that if, under a proper charge, the jury had found in his favor, though finding against Erwin, the verdict should have been set aside. Under these circumstances, we think that the error in the charge has not operated to the injury of Magale, and does not entitle him to a reversal of the judgment.

The defendants claimed that the property levied on had been sold for its full value and the proceeds applied to the satisfaction of Magale's judgment against plaintiff Bowman, and complain that the charge of the court precluded them from obtaining a reduction of damages below the actual value of the property taken, by reason of that fact.

This appropriation by the trespassers of the proceeds of the property wrongfully converted without the request or assent of the owner, cannot avail them as claimed. (Dallam *v.* Fitler, 6 Watts & Sarg., 323; McMichael *v.* Mason, 13 Penn. St., 214; Hanmer *v.* Wilsey, 17 Wend., 91.)

The property seized, though incumbered by a deed of trust, was taken from the possession of Bowman, and his right to

sue for its conversion and to recover its value was, we think, unaffected by the trust deed.

The plaintiff recovered but the value of the property wrongfully converted, and the judgment must be affirmed.

AFFIRMED.