W. H. LEE v. W. G. & J. B. WILKINS.

(Case No. 1595)

1. ATTACHMENT — PARTNERSHIP EFFECTS SUBJECT TO LEVY AND ACTUAL SEIZURE FOR SEPARATE DEBT OF ONE PARTNER—WHAT INTEREST AFFECTED THEREBY—LEGALITY OF LEVY UNDER ATTACHMENT NOT DEPENDENT ON EXTENT OF DEBTOR'S INTEREST— CASE STATED—In 1860, Wilkins Bros., a firm composed of W. G. Wilkins and J. A. Wilkins, became indebted to Emerson, Brewster & Co., of New York. Shortly thereafter Wilkins Bros. dissolved, and L., also of New York, became the owner of the claim. Prior to August, 1872, W. G. Wilkins and J. B. Wilkins formed a co-partnership under the firm name of W. G. & J. B. Wilkins, and were conducting a mercantile business in the city of Brenham, Texas, and about that time purchased goods in the city of New York. L., who had been unsuccessful in his efforts to collect his claim, placed it in the hands of an attorney in New York for collection, who, in the absence of L. from that city, finding there some of the goods belonging to W. G. & J. B. Wilkins, brought suit on the claim, in which he alleged that they were the parties indebted to L., and sued out an attachment which was levied upon the goods. The ground for the attachment was the non-residence of the defendants. The attachment proceedings. were instituted August 23, 1872. L. returning to the city a few days afterwards, discovered the mistake made by his attorney in inserting in the petition and process the name of J. B. Wilkins instead of J. A. Wilkins. The mistake was called to the attention of the court in which the action was pending, on September 5, 1872, whereupon the court caused the name of J. A. Wilkins to be substituted, in the several papers, for that of J. B. Wilkins, wherever the latter appeared, and also caused the title of the suit to be amended. Pending the attachment proceedings, a settlement was effected between W. G. & J. B. Wilkins and L., whereby the former paid the latter $600 and gave him their promissory note for $800, in satisfaction of his claim. The goods were released, sent to Texas, and were received by their owners. The note for $800 not being paid at maturity, L. instituted suit thereon, in district court of Washington county, Texas, against W. G. & J. B. Wilkins, in which suit the defendants pleaded in reconvention, and sought damages for a wrongful suing out and levy of the attachment in New York. *Held:*

(1) That the mere suing out of the writ of attachment, although it directed the seizure of the property of W. G. & J. B. Wilkins, one of whom was not individually liable for the debt sued for, gave no cause of action ;

(2) That a separate creditor of a partner may, by an attachment, acquire a lien on the debtor partner's interest in the co-partnership property, and may by execution subject it to sale ;

(3) That a sheriff or other proper officer may actually seize and take possession of partnership effects, under attachment, for the separate debt of one of the partners ;

(4) That the seizure under the writ of attachment, which is made the basis of the plea in reconvention in this case, was not unlawful, since W. G Wilkins, as a partner, owned in the property an interest, which was subject to seizure and sale for the debt he and James A. Wilkins owed L.;

(5) That the fact that, under the writ, property not subject to the payment of the debt due to L. *might have been levied upon*, gives no ground of action.

(6) That the levy upon the goods, even if the officer assumed to levy upon the entire property in them, instead of upon the interest of W. G. Wilkins therein, was neither a trespass nor a conversion. The levy, however made, could not affect any interest in the goods other than such as W. G. Wilkins had after settlement of all claims against the partnership to which the goods belonged.

(7) That the legality or illegality of the levy of an attachment cannot be made to depend on the extent of the interest which would pass under a sale foreclosing the lien created by the levy. The creditor has the right to fix his lien, in any manner recognized by the local law, before any inquiry upon that question is made, and before he, himself, would be entitled to have any such inquiry made.

2. SAME—CHARGE OF COURT—See opinion in this case for a charge as to what was a wrongful suing out of an attachment, held to be erroneous.

APPEAL from Washington. Tried below before the Hon. J. B. McFarland.

From the foregoing statement and the opinion of the court the case will be readily understood.

*Breedlove & Ewing,* for appellant, that partnership effects may be seized, under an attachment, for the separate debt of one of the partners, cited : Longcope v. Bruce, 44 Tex. 437 ; Bradford v. Johnson, 44 Tex. 381; DeForrest v. Miller, 42 Tex. 34.

*Sayles & Bassett,* for appellees, contra, cited : Wetmore v. Millinger, 22 Am. Law Reg. 117.

Many other questions were discussed by counsel in their briefs, but, in view of the opinion, it is deemed unnecessary to present them here.

STAYTON, ASSOCIATE JUSTICE.—There are many questions presented in this case, which, in view of one controlling question in the case, it is not deemed necessary to consider. It appears that, in 1860, the firm of Wilkins Bros., which was composed of W. G. and James A. Wilkins, became indebted to Emerson, Brewster & Co., soon after

which the firm of Wilkins Bros. was dissolved. The appellant Lee became the owner of the claim which Emerson, Brewster & Co. held against them. Prior to August, 1872, W. G. and J. B. Wilkins entered into a co-partnership, and were carrying on a mercantile business in Brenham, Texas, and, about that time, purchased goods in New York. Prior to that time, Lee had endeavored to collect the debt due to him from W. G. & J. A. Wilkins, but had not succeeded, The Wilkins had also attempted to compromise with him, by paying a part of the debt in satisfaction of the whole, but in this they had not succeeded.

Lee placed his claim in the hands of an attorney in New York, for collection, who, in the absence of Lee from the city, finding some of the goods there which belonged to the firm composed of W. G. and J. B. Wilkins, brought suit, in which he alleged that they were the persons indebted to Lee, and, in that cause, he sued out an attachment, which was levied upon some of their goods. The ground for the attachment was the non-residence of the defendants.

The attachment proceedings were instituted on August 23, 1872, and Lee, returning to the city a few days afterward, discovered that his attorney had made a mistake in inserting in the petition and process the name of J. B. Wilkins, instead of the name of James A. Wilkins, as one of the debtors, and made that fact known to the court in which the action was pending, on September 5, 1872, whereupon the court caused the name of James A. Wilkins to be inserted in the several papers wherein the name of J. B. Wilkins appeared, and caused the title of the action to be amended.

Some correspondence then ensued between the parties, which resulted in a settlement, by which W. G. & J. B. Wilkins paid to Lee $600, and gave their note to him for $800, in satisfaction of his claim, and the goods attached were then released, sent to Texas and received by their owners. When the settlement was made, Lee transferred his claim on W. G. & J. A. Wilkins to W. J. & J. B. Wilkins.

The note for $800 falling due, and not being paid, this action was brought by Lee against W. G. & J. B. Wilkins, to recover the sum due on it. In this action they pleaded in reconvention, and sought damages for injury alleged to have been done to them by a wrongful suing out and levy of the attachment before referred to. Many grounds for damages, both actual and exemplary, were set out in their pleadings, which it is here unnecessary to state. A trial was had, which resulted in a judgment against Lee for $5,250 as actual damages, and $10,000 as exemplary damages. From that judgment there was an appeal, and, by consent of parties, the cause was decided by the

commission of appeals, which reversed the judgment, holding that there was no ground for exemplary damages.

After the cause was remanded, another trial was had in the district court, which resulted in a judgment in favor of Lee for the sum due on the note sued on, and in favor of the defendants for $7,500 as actual damages. From that judgment this appeal is prosecuted.

The court below gave the following instructions: "If you believe from the evidence, that the attachment was sued out against the firm of W. G. & J. B. Wilkins, and that said firm was composed of W. G. Wilkins and J. B. Wilkins; and if you further believe, from the evidence, that the debt sued on was due by the firm of Wilkins Bros. to the plaintiff, and that said firm of Wilkins Bros. was composed of James A. Wilkins and W. G. Wilkins, then the attachment was wrongfully sued out, and any amendment of the record, made after the issuance and levy of the attachment, would not relieve the proceedings of their original wrongful character." "If you believe, from the evidence, that the attachment was wrongfully sued out, then the defendants are entitled to recover all such actual damages as the proof shows they suffered as the natural and proximate result or consequence thereof."

This charge was erroneous. There can be no doubt that the firm composed of W. G. and James A. Wilkins, were indebted to the appellant, and they, as well as J. B. Wilkins, were non-residents of the state of New York. The facts of their indebtedness and non-residence entitled Lee, under the laws of New York, to an attachment. W. G. Wilkins was a member of the indebted firm then dissolved, and liable, individually, for its debts. He was also a member of the firm when the property was seized under the writ of attachment.

No injury resulted to J. B. Wilkins from the mere fact that a suit was brought against him through mistake, for which a civil action will lie, nor does he so claim. The brief of his counsel thus states the ground on which a recovery is sought: "The suing out of the writ of attachment and levying the same upon the defendants' property, is the ground and foundation of the action."

The mere suing out of the writ of attachment, although it directed the seizure of the property of W. G. & J. B. Wilkins, one of whom was not individually liable for the debt sued for, gave no cause of action. That a separate creditor of a partner may, by the levy of an attachment, acquire a lien on the debtor partner's interest in the co-partnership property, and that by execution he may subject it to sale, is perhaps not denied by any authority. Par-

sons on Part., 382, 388; Story on Part., 261, 262; Lindley on Part., 688, 690; Collyer's Law of Part., 791, 793.

There is some diversity of opinion as to the manner in which the lien is to be made to attach, and as to the procedure through which the lien, when acquired is to be enforced, but it is very generally held that a sheriff or other proper officer may actually seize and take possession of partnership effects, under an attachment or execution, for the separate debt of one partner. Such, prior to the adoption of the Revised Statutes, was the rule in this state. DeForrest v. Miller, 42 Tex. 38; Longcope v. Bruce, 44 Tex. 436; Bradford v. Johnson, 44 Tex. 383; Thompson v. Tinnen, 25 Tex. sup. 56; Rogers v. Nichols, 20 Tex. 719; Converse & Co. v. McKee, 14 Tex. 28.

The same rule seems to exist in the state of New York—Moody v. Payne, 2 Johnson's Ch. 548; Walsh v. Adams, 3 Denio, 127; Scrugham v. Carter, 12 Wend. 131; Phillips v. Cook, 24 Wend. 388; Waddell v. Cook, 2 Hill, 47; Adkins v. Saxton, 77 N. Y. 195.

The seizure, under the writ of attachment, made the basis of the plea in reconvention in this case, was not unlawful, for, as a partner, W. G. Wilkins had an interest in the property which was subject to seizure and sale for the debt which he and James A. Wilkins owed to Lee. The extent of that interest depended upon the value of the partnership assets and the amount of the indebtedness of the firm.

It may have been a valuable interest, or one of doubtful or even of no real value, yet it was an interest upon which a lien might be fixed, or which might be sold, without its extent or value being first ascertained. The legality or illegality of the levy of an attachment cannot be made to depend upon the extent of the interest which would pass under a sale made in foreclosing the lien created by the levy; for the creditor has the right to fix his lien in any manner recognized by the local law, before any inquiry upon that question is made, and before he would be entitled to have such an inquiry made.

It is not necessary to inquire, in this case, what remedies the partners might have invoked to prevent a sale of the property levied upon, if the sale would have operated to the prejudice of either or both of them, or to prevent injury to the business of the partnership; for no such question arises.

The inquiry is, was the levy of the attachment, as made, illegal? If not, no wrong for which the law gives compensation could result therefrom. As before said, Lee had the right to have the attachment levied on the goods which were actually siezed, and had the writ directed the seizure of property of W. G. Wilkins alone, it would have been properly levied on the goods on which the levy was made.

If property, of which J. B. Wilkins was the sole owner, had been seized under the writ, the levy would have been legal, as to the officer who obeyed the command of the writ, but it would have been wrongful as to Lee, who caused it to be issued and to direct the seizure of goods belonging to J. B. Wilkins, who was not in any manner indebted to him.

The fact that, under the writ, property not subject to the payment due to Lee, might have been levied upon, is immaterial in this case, for no such levy was made, and the mere issuance of a writ under which this might have been done, gives no ground of action.

Had his property, other than that held as partnership property, owned by the firm, composed of himself and W. G. Wilkins, been seized, he would have had cause of action, which he alone could assert, and which could not be enforced by an action brought by the co-partnership, of which he was a member.

The levy upon the goods, even if the officer assumed to levy upon the entire property in terms, instead of upon the interest of W. G. Wilkins, would not have been either a trespass or a conversion. To hold that it would, would be to give effect to form rather than substance.

Lee had the right to have that done which was done. The levy, however made, could not affect any interest in the goods other than such as W. G. Wilkins had after settlement of all claims against the partnership, to which the goods belonged. It is unnecessary to consider what the rights of the parties would be, had the officer, by the procurement and consent of Lee, sold the entire interest in the goods, or rather, had he assumed to do so, instead of selling only such interest as was subject to sale.

The parties made a settlement, through which the goods were released, and the case must depend on the right resulting from the manner in which the suit in New York was brought, and upon the levy, in so far as the question under consideration is concerned. On the former appeal, the commission of appeals seems to have held, as the pleadings and evidence then stood, that such a charge as was given on the last trial was proper, but it was also held, that the other hypothesis—that the suit was properly brought and the attachment properly served against the interest of W. G. Wilkins—might have been given, but that the testimony before the jury was not sufficiently explicit to render the failure to submit this erronious. This cannot be regarded as an adjudication of the question we have considered, under the record now before us. In fact, it was not the matter adjudicated by the commission of appeals.

If the appellees are entitled to recover, it must be on some ground other than that which, under the charge of the court, authorized a recovery in their favor. The other questions presented may not arise on another trial, and will not now be considered.

For the error in the charge of the court, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 22, 1886.]