No. 6220.

MARTIN WHITE *v.* WILLIAM STRIBLING.

1. DISTRESS WARRANT—EXEMPT PROPERTY—DAMAGES.—A landlord obtained a distress warrant for rent. The constable to whose hands the writ came, without instructions, levied upon household furniture of the tenant exempt from levy. The property was sold under the proceedings, in absence of any testimony showing knowledge or ratification of the seizure of the exempt property on part of the landlord *held*, (1) it is presumed the landlord intended that no action should be taken under the writ not authorized by law, and (2) that in absence of proof of ratification of the illegal levy he is not liable in damages for the seizure of the exempt property.

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

The opinion gives the facts.

*Smith & Walker,* for appellant.

*Mathews & Wood,* for appellee, cited Cone **v.** Lewis, 34 Texas, 331; Freeman on Executions, 273, 302.

WALKER, ASSOCIATE JUSTICE. This is an appeal from a judgment for fifty dollars actual and two hundred and forty dollars punitory damages rendered in favor of Stribling against White and one Philips, a constable, for the seizure and sale under distress warrant proceedings of certain articles of household property exempt from execution. By appropriate allegations exemplary damages were asked against both the defendants.

The record shows that White made the statutory affidavit and bond for a distress warrant; that such warrant issued, and under it Philips seized the alleged articles. They were not removed from the house at levy, but were left in charge of a joint occupant with Stribling. At the levy Stribling told Philips the goods were exempt. The goods were necessary for the comfort of the family. Stribling made no defense. White appeared by attorney. Judgment was rendered for amount

claimed and order for sale, and sale followed. There is nothing in the statement of facts showing any participation in the seizure and sale by White; or, indeed, his appearance after making the bond.

The court charged the jury, touching White's liability: "Even though you may believe Philips is guilty of the alleged seizure and sale of said property, yet you can not find any damages against defendant White unless from all the facts and circumstances in evidence before you, you are satisfied that the defendant White directed or instigated said Philips in the seizure of said property and, further, that such direction and instigation by White, if any, was done wilfully and oppressively—knowing that said property was exempt." This evidently is correct as to the claim for exemplary damages.

The rules given in section 273, Freeman on Executions, is, "When the plaintiff places his execution in the hands of an officer for service he is presumed to intend that no action shall be taken thereunder not authorized by the terms of the writ. The sheriff may seize the property of a stranger or do any other unauthorized act without thereby creating any liability against the plaintiff, because the plaintiff is not presumed to have directed or ratified the illegal proceeding. But this presumption may be rebutted." * * * Noting conflict of decisions, the author proceeds on ratification: "In the United States the adoption of the official trespass makes the persons adopting it liable to the same extent, as if originally participants therein. This adoption may be made in express terms, or it may be inferred from the fact that the plaintiff, with knowledge of the fact, directs the continued holding of the property, or attends and bids at the sale, or receives and retains the proceeds thereof," knowing the illegality of the seizure. (See also Alsop v. Jordan, Tyler term, 1887, 6 S. W. Rep., 6, 831; 44 Texas, 438, Longcope v. Bruce; 51 Texas, 518, Erwin v. Bowman; Moak's Underhill on Torts, 561.)

The record in this case shows that White sued out the distress warrant. This he had a legal right to do. The proceedings were regular. The distress warrant contemplated levy upon property exempt from execution. There is no testimony that White directed the levy or in any way participated in the seizure. It does not appear that he ever knew what property was seized. He appeared by attorney on the trial when the judgment in the justice's court was rendered. Nor is it shown

that he ever received the proceeds of the sale. There is no fact in evidence tending to show any knowledge of or ratification of the seizure of exempt property under the writ. The judgment, at least, to the extent of exemplary damage was wholly without testimony as to the appellant White; for which cause the judgment below is reversed and cause remanded.

*Reversed and remanded.*

Opinion delivered June 1, 1888.