**J. D. O'CONNOR et al., Appellants,**

v.

**F. H. GABLE et al., Appellees.**

No. 15202.

Court of Civil Appeals of Texas.

Dallas.

Jan. 4, 1957.

Rehearing Denied Jan. 25, 1957.

O'Connor & Douglass, Dallas, for appellants.

Bradford & Pritchard, Dallas, for appellees.

YOUNG, Justice.

On April 2, 1953 appellee had entered into a written contract with appellants (J. D. O'Connor and Mildred Douglass) for performance of a $5,300 job under terms and conditions therein specified; and this suit is for balance allegedly due thereunder of $2,359.22, plus an extra item of $94.80, also for attorney's fees as provided under art. 2226, Vernon's Ann.Civ.St. Defendants pled general denial and invalidity of the contract because of fraud in its procurement, along with other defenses; asserting damages in counterclaim of $3,500 for cost of replacements due to defective workmanship and material; and a cross-action for $5,000 in damages on account of alleged delay in performance of contract, etc.

On trail to a jury and answers to special issues plaintiff recovered judgment in amount sued for together with attorney's fees of $750 and foreclosure of mechanic's lien against the interest of defendants in described realty on Hines Boulevard, Dallas. From such judgment the parties-defendant have duly prosecuted an appeal.

The job site was on property otherwise known as 8409 Harry Hines Boulevard, lying partly within Dallas corporate limits, on which land defendants along with J. W. Swatek and wife had some 94 trailer camp locations. Generally, by said contract, plaintiff agreed to furnish necessary labor and material for installation of six hundred ampere service and underground feeders to forty-seven electrical risers for accommodation of defendants' said trailer locations. The City Electrical Inspector was required

to approve that part of the job lying within City limits and in case of rejection defendants were to receive a deduction of $30 per riser; all wiring to meet requirements of the National Electrical Code and with no fixed date for completion of the work.

There appear no objections to the court's charge. The following paraphrasing of jury questions and answers sufficiently reflects the issues raised under pleading of the parties respectively and testimony adduced: (1) That plaintiff Gable completed the electrical work in question in good and workmanlike manner in accordance with terms and provisions of the contract; (2) also installing a circuit and sign in good and workmanlike manner; (3) the reasonable charge for which latter item was $94.80; (4) the sum of $750 was a reasonable attorney's fee for services rendered to plaintiff in the case; (5) plaintiff Gable or his agent *did not* represent to defendants prior to April 2, 1953 that the electrical work contemplated by all parties to be done on Sleepy Hollow Trailer Courts could be completed in a period of time of some six to ten days and not to exceed a period of time later than May 15, 1953. Issues 6, 7, 8 and 9 were conditional and not answered; (10) plaintiff *did* have in stock at his place of business the materials necessary to complete the construction contemplated by plaintiff and defendants; (11) this was an issue similar to No. 10 above, but answered in the affirmative; (12) the representations made by plaintiff with reference to having the stock on hand necessary to complete the electrical work on said trailer courts on or about April 2, 1953 *were not* known to be false at time of said statements; (13) plaintiff's representations just referred to *were not* made with intent to defraud defendants; (14) prior to execution of the contract plaintiff *did not* represent to defendants that the work to be done on defendants' trailer park would give defendants a modernly equipped trailer park electrically, with wiring sufficient to carry the electrical load necessary to operate a modern trailer including the air conditioning units attached thereto; issues 15, 16 and 17, conditional and not answered; (18) that no damage resulted to defendants from representations, if any, made by plaintiff.

■ The instant judgment was upon jury answers to special issues, in which event a motion for a new trial is required as predicate for an appeal. All litigants are well aware of the fact that unless the errors complained of are distinctly set forth in the motion for new trial, same shall be considered as waived. Rule 374, Texas Rules of Civil Procedure.

Of appellants' sixteen points only three (Nos. 1, 2 and 10) are based on their amended motion for new trial. The remaining points do not appear as having been called to the attention of the trial court, and involve matters characterized by appellants as "fundamental error." [1]

---

1. Claimed as presenting fundamental error are the following: "(3) The evidence was insufficient to support the amount adjudged for attorney's fees; (4) the acts performed by the appellee under the alleged contract were not such as would be sufficient to create a lien on the property of appellants. The Court, therefore, erred in establishing and foreclosing a lien on the property. (5) The work done by appellee was not approved by the City. The contract then required that certain other work be done by appellee. This he failed to do. The Court, therefore, erred in rendering judgment for appellee. (6) The work done by appellee was not approved by the City. The contract then provided that the appellants were to be credited on appellee's claim in the sum of $30.00 per riser. The Court, therefore, erred in failing to credit this amount on appellee's claim and in rendering judgment for appellee for the full amount claimed by him. (7) The instrument under which appellee claimed a lien on appellants' property was insufficient because the affidavit thereto was made by an attorney of appellee as such attorney. The Court, therefore, erred in establishing and foreclosing said alleged lien. (8) The instrument under which appellee claimed

Our Supreme Court, upon exhaustive review of the subject of fundamental error in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, there held that despite Rule 374, T.C.P., Courts of Civil Appeals are authorized to consider error "truly fundamental"; with citation of cases broadly defining such error as that which "goes to the foundation of the cause of action upon which the judgment is based, and thereby destroys the validity of such judgment." Oar v. Davis, 105 Tex. 479, 151 S.W. 794, 797. In the same connection it is well settled that if an examination of the statement of facts becomes necessary for the disclosure of error, no question of fundamental error is presented. Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Tex. 286, 162 S.W.2d 666; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683. An examination of the points classified by appellants as fundamental error reveals that same either (1) claim insufficiency of appellee's contract and procedure thereunder to establish a mechanic's lien pursuant to arts. 5452, 5453 and 5457, V.A.C.S.; or (2) require for determination thereof a resort to the statement of facts. As already stated, these points were in nowise called to the trial court's attention. Manifestly, they do not amount to error truly fundamental under the ratio decidendi of Ramsey v. Dunlop, supra, and accordingly cannot be further considered in connection with this appeal.

Turning to points 1 and 2, appellants complain of error in that the contract sued on required the performance by Gable of acts in violation of law, precluding any recovery thereon; the vice extending to the claim for attorney's fees. For the statement required by briefing rules in support of points, rule 418(c), appellants make reference only to the contract in question and the judgment as same appear in the transcript. We have examined the contract which appellants say requires for performance a violation of City ordinances. There is nothing on face of the writing indicative of such an unlawful requirement; appellee in reply brief stating that the City ordinances were not even offered in evidence.

Under point 10 error is claimed because of plaintiff's failure to make parties to the suit J. W. Swatek and wife, owners of a one-half interest in the trailer camp, defendants' ownership being of the other one-half only. It is well settled that the interest of an individual in partnership property is subject to levy and sale under an

---

a lien upon appellants' property was insufficient because it did not state the amount of the debt claimed. The Court, therefore, erred in establishing and foreclosing said alleged lien. (9) The instrument under which appellee claimed a lien on appellants' property was insufficient because it did not state the amount of the debt claimed, nor did it state that all just and lawful offsets and credits had been allowed. The Court, therefore, erred in establishing and foreclosing said alleged lien. (11) The court erred in rendering judgment for the appellee because the jury failed to answer special issue No. 15. (12) The answer of the jury to special issue No. 18 does not support the judgment because it was an issue not made by the pleading herein. (13) The judgment should be reversed because of voluntary statements made by appellee as a witness about the credit record of the appellant Douglass. (14) The court erred in admitting in evidence testimony of another transaction between appellant O'Connor and another person. (15) The evidence was undisputed that the City did not approve the work done by the appellee. The agreement provided in such event for appellee to do additional work. The evidence was undisputed that he did not do such additional work. The answer of the jury to special issue No. 1 is, therefore, not supported by, but is contrary to the evidence. The Court, therefore, erred in rendering judgment for the appellee. (16) The court, therefore, erred in submitting to the jury special issue No. 1 because the evidence is undisputed that the City did not approve the work and appellee did not do any additional work as required by the contract."

execution against him individually. De Forest, Armstrong & Co. v. Miller, 42 Tex. 34; Bradford v. Johnson, 44 Tex. 381; Lee v. Wilkins, 65 Tex. 295.

Finding no error deemed reversible in the judgment under review, same is in all respects affirmed.