**Ides A. TURNER et ux., Appellants,**

**v.**

**STATE of Texas et al., Appellees.**

**No. 16261.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 10, 1961.

Rehearing Denied Dec. 8, 1961.

Jennings, Montgomery & Dies, and Roy M. Dies, Jr., Graham, for appellants.

Patrick A. Myers, County Atty. of Jack County, Jacksboro, for appellees.

RENFRO, Justice.

The State of Texas and Jack County, acting through the Commissioners' Court of said County, brought condemnation proceedings for the acquisition of an easement over 8.719 acres of land belonging to Ides A. and Juanita M. Turner. The Turners appealed from a judgment based upon a jury verdict, which awarded them $1,166.66 for the land taken and $3,000.00 as diminution in value of the remainder.

Appellants contend in their first eight points there was no evidence to show compliance with certain procedural matters prior to trial on the merits.

Points 9–14 claim the evidence was insufficient to support the jury's findings con-

cerning the before and after value of the remainder; and point 15 complains of a remark made by the trial court in response to a request by appellants' attorney for time to perfect a bill of exception.

Appellants did not file a motion for new trial. The filing of a motion for new trial, with certain exceptions, is a prerequisite to appeal in jury cases. Rule 324, Texas Rules of Civil Procedure. The points raised on appeal do not bring the case within any of the exceptions set out therein.

Since appellants did not file a motion for new trial, all alleged errors set out in the above points were waived. Rule 374; O'Connor v. Gable, Tex.Civ.App., 298 S.W.2d 209; Dial Temp Air Conditioning Co. v. Faulhaber, Tex.Civ.App., 340 S.W.2d 82; Houston-American Finance Corp. v. Travis, Tex.Civ.App., 343 S.W.2d 323.

The judgment is affirmed.