| 12 | 327 |
| 88 | 394 |

## VICTOR THOMPSON v. WILEY THOMPSON.

See this case for assignments of error which the Court said were too vague and indefinite, although they were entertained, being also unfounded.

Where the plaintiff sued for the recovery of certain slaves, alleging that the defendant set up a claim to them which was fraudulent and without foundation, and the defendant answered by pleading a deed of gift of said slaves from the plaintiff to him, the Court said the plaintiff ought not, under the pleadings, to have been permitted to prove facts dehors the deed, to show that the gift was a *donatio causa mortis ;* that the answer was in the nature of a plea of reconvention or cross-petition, and that matters in avoidance of it should have been pleaded, by way of amendment.

The doctrine that every material, issuable fact must be alleged, in order to admit the necessary proof, has been often adjudicated in this Court.

To hold a gift which is made in form of a gift *inter vivos*, to be a gift *causa mortis*, it must be shown (by clear, direct and undisputed proof, where the circumstances would admit of it, if true, as in this case) to have been in contemplation of death from present illness or anticipated peril ; and the circumstances must be such as to show that the donor intended the gift to take effect if he should die shortly afterwards, but if he should recover, that the property should be restored to him.

Where the Court below permitted the defendant to ask the plaintiff's witnesses, on cross-examination, whether they did not desire that the plaintiff should recover, this Court intimated that the question was impertinent, but held that the fact constituted no ground for disturbing the judgment, under the circumstances of this case.

Interlineations which are noted in the attestation clause, do not require further explanation, as a pre-requisite to the admission of a deed in evidence.

It is not necessary to prolong the examination in this case, or to review all the grounds raised in argument against the judgment. If the deed under which the defendant claims be a donation *inter vivos*, and such it appears to be on its face, and on the evidence adduced, the defendant was entitled to judgment ; and whether there be errors committed in the progress of the cause or not, still such judgment being right on the merits, cannot be disturbed.

The only error of any consequence, which is perceived, is in that portion of the charge which maintained, in effect, that the defendant, if he claimed under a purchase or gift from the plaintiff, could not as against him, set up the statute of limitations. This we apprehend is erroneous. The possession of the vendee holding under complete title, or of a donee under an unqualified gift, is adverse to all the world, including the donor and vendor, as well as others.

Appeal from Cherokee.

---

---

*Shanks, Bonner & Bonner*, for appellant.

*Donley & Anderson*, for appellee.

HEMPHILL, CH. J.   The appellant sues for several slaves, alleging his ownership, and that the appellee has illegally, fraudulently, and wrongfully taken them into possession and converted them to his own use; and further alleges that the defendant sets up a pretended claim of right to said negroes, which is wholly fraudulent and without any just foundation.

The defendant, among other matters, pleaded that the plaintiff (who was his brother) had (at a time specified in the plea) voluntarily and without persuasion, executed and delivered to the defendant a deed of gift of the slaves sued for, and that shortly afterwards he, of his own free will and accord, delivered the said slaves to the defendant, who from that time to the present has had the actual, exclusive and continued possession of the said slaves.   The defendant also pleaded prescription, having had the actual, continued, uninterrupted and adverse possession for more than two years prior to the commencement of this action.   The deed of gift is made a part of the answer, and by its terms the property is transferred to the the defendant without qualification or condition, and with a general warranty of title.   Upon these pleadings, the cause went to trial and there was judgment for defendant, from which the plaintiff appealed.

The errors assigned are,

1st. That the verdict of the jury is contrary to the law and evidence in the case.

2nd. That the Court erred in permitting improper evidence to go to the jury.

3rd. That the Court erred in allowing the interrogatories propounded to Lipscomb Nowell and others, and the answers by them, to be read to the jury.

4th. That the Court erred in refusing charges prayed for by plaintiff.

5th. That there was error in the general charge to the jury and

6th. In the refusal to grant a new trial.

The most of these assignments are faulty, from the want of sufficient specification of the grounds of objection to the judgment. They point to no precise distinct error, and are but an imperfect compliance with the requisition of the statute, that the grounds of error on which the appellant intends to rely, should be distinctly specified.

But waiving objections to the vagueness of the assignments, I will proceed to consider some of the most prominent positions presented by the appellant in his brief, and to examine whether there be any such errors as would require the judgment to be reversed.

The appellant contends that the judgment is not supported by the law and evidence, in this, that the gift was a *donatio causa mortis*, and not a gift *inter vivos*, and was consequently void, on his recovery from sickness, and revocable at his pleasure. The deed does not, on its face, purport to be a gift *causa mortis*. It has all the marks and characteristics of ordinary *donatio inter vivos*, and it is perhaps not open to question, that under the pleadings, it could not be impeached by evidence, nor could any be adduced to show that it was other than it purported to be on its face, or that its force could be impaired or destroyed by proof that the transfer, instead of being immediate and irrevocable, was in fact to be effectual only after the death of the donor, or that the latter had labored under any legal incapacity or been circumvented by fraud in making the gift.

The defendant had not only denied the right of the plaintiff, as claimed in the petition, but he also set up specific title in himself, by deed from the plaintiff. This plea was in the nature of a reconvention or cross-petition, in which the defendant became the actor ; and if the plaintiff intended, in avoidance of the deed, to rely on the ground that the gift was in fact made and intended to operate only in event of his death, he

should have set up such matter by way of amendment to his original petition. The principle, that every material, issuable fact must be alleged, in order to admit the necessary proof, has been often adjudicated in this Court. (1 Tex. R. 443; 7 Tex. R. 345; 11 Tex. R.)

But let it be conceded, that under the pleadings, it was competent to the plaintiff to show that the gift was made *mortis causa*, yet no such fact has been established by the evidence in the cause. There was no direct positive proof that the plaintiff was dangerously ill,—or apprehended death at the execution of the deed. This was a fact essential to the support of the plaintiff's claim. It was one which, if it existed, was susceptible of proof, as there were several persons present at the execution of the deed, and there were others, no doubt, who were cognizant with the plaintiff's condition. From portions of the evidence, it may be inferred that the plaintiff was in sickness at the time of making the deed; but this cannot affect the irrevocable character of the gift, unless sickness be shown to be so imminently dangerous as to justify the belief that it will be fatal in its termination.

To hold the gift as one *mortis causa*, it must be shown to have been in contemplation of death from present illness or anticipated peril. The circumstances must be such as to show that the donor intended the gift to take effect if he should die shortly afterwards, but if he should recover, that the property should be restored to him. (2 Wharton, 17.)

The circumstances of this case are such as to repel the idea that this gift was made solely with reference to its effect after the death of the donor. The plaintiff had long contemplated a gift to his brother. There is no evidence that at the time of execution he apprehended a fatal termination to his disease, and some weeks afterwards, at the delivery of the property under the deed, he was able to go about from place to place, to hunt a little and eat heartily. At and about the time of delivery, he expressed great satisfaction at the fact of having made the gift; that he had gotten rid of troubles, &c.

In fine there is no clear, direct and undisputed proof of such facts and circumstances, as would constitute this gift one *mortis causa*, and it must be held to be (as it purports) a donation *inter vivos*, not revocable at the pleasure of the donor. (2 Kent, 444 *et seq.*; 2 Ves. Jr. 111; Justinian, Lib. 11, Tit. 7, Sec. 1, 454; 2 Blackstone, 514.)

Under the assignment that the Court permitted improper evidence to go to the jury, the appellant insists that there was error in allowing certain witnesses to be questioned as to whether they did not desire that the plaintiff should recover in the suit. There would have been no error in refusing questions which border strongly on impertinence, but it cannot be said that any injury was inflicted on the plaintiff by these questions, especially when connected with the responses of the witnesses, showing that if they wished the plaintiff to succeed, it was because they believed he was entitled to the property. The admission of such questions certainly constitutes no sufficient ground on which to disturb the judgment.

It is also insisted that the deed from the plaintiff to the defendant should have been excluded from the jury on the ground of material alterations apparent on the face of the deed. The copy of the deed, inserted in the transcript, does not show in its body, any interlineation or alteration. In the attestation clause, it is noted that the name Tamer was interlined before the deed was signed and sealed.

If this was the only interlineation on the face of the deed, it was not sufficient to vitiate the instrument or to require any explanation as a pre-requisite to its admission in evidence. The fact of its being noted in the attestation clause, relieves the deed from suspicion, and raises the presumption that the alteration was made contemporaneously with the execution of the instrument. (1 Greenl., Sec. 564.)

It is not necessary to prolong the examination in this case, or to review all the grounds raised in argument against the judgment. If the deed under which the defendant claims be a donation *inter vivos*, and such it appears to be on its face,

and on the evidence adduced, the defendant was entitled to judgment; and whether there be errors committed in the progress of the cause or not, still such judgment being right on the merits cannot be disturbed.

The only error of any consequence, which is perceived, is in that portion of the charge which maintained, in effect, that the defendant, if he claimed under a purchase or gift from the plaintiff, could not as against him, set up the statute of limitations. This we apprehend to be erroneous. The possession of the vendee holding under complete title or of a donee under an unqualified gift, is adverse to all the world, including the donor and the vendor, as well as others.

But this was an error which operated in favor of appellant, and of which he cannot complain.

Judgment affirmed.