## PARKER v. BEAVERS,. ADM'R.

In this case the Court waived the decision of the question whether a deed of gift could be shown by parol to have been made in trust for the donor.

In causes in equity, where the trial is by jury, evidence which would be considered too vague and uncertain to entitle a party to relief on a hearing before a Chancellor, should be excluded.

There is no principle of law more clearly settled, than that a complainant in a Court of equity, as well as law, must recover, if at all, upon the identical case on which he has based his right to a recovery in stating his cause of action.

Where the petition seeks to establish that an absolute deed of gift was upon trust and confidence for the benefit of the donor, evidence is not admissible on the part of the plaintiff, to prove mistake, that is, that the deed was not in the form and terms which the parties intended, and that they in fact intended it to have been a deed of trust, and not a deed of gift.

Appeal from Houston. By mistake a wrong transcript was furnished to the reporters in this case; and we are unable, therefore, to give a statement of the case. The following partial statement is taken from the brief of the counsel for appellee :

The suit was commenced by the appellant, to recover twelve thousand four hundred dollars which in his petition he alleged that appellee's intestate had collected for him as his attorney in fact in Sept., 1853, from C. W. Lee, appellant's former guardian, a claim for which duly verified had been presented to the appellee and rejected by him. Before appellee filed his ans. wer, appellant filed an amended petition, in which he alleged, that on the 20th of January, 1854, being about to start to California and having at that time in the hands of Lee, his guardian up to his majority, and Byrd his attorney, both of Alabama, the sum of eight thousand dollars, a·part of said $12,400, and desiring that the same should be looked after and collected for him, he did on said day make and execute to his brother (appellant's intestate) a deed of gift, which although absolute upon its face, was intended, agreed and understood between him and his said brother, as a trust, the money to be collected by his said brother, for his (petitioner's) own use and benefit, and for no other use and purpose whatever ; and that said sum was collected under said trust, with a prayer for payment of said other and remaining sum of $4,400 ; and that said deed of gift (a copy of which was made a part of the petition) should be declared a trust, and that said $8,000 be paid.

Appellee filed exceptions. Ist. That the amended petition was for a different cause of action. 2nd. The sum was not

verified by affidavit and presented to the administrator before
suit.  3d.  A general exception ; and answered by a general de-
nial, and that he had fully accounted, &c., and at a subsequent
Term filed amended answers, claiming set-offs, payments, &c.,
which, under the judgment, it is unnecessary particularly to refer
to.    Defendant's exceptions being overruled upon the trial,
there was a verdict and judgment for the defendant, a motion for
a new trial, by the plaintiff, which being overruled he appealed.
It appears from the record, that the plaintiff is a reckless, dis-
sipated and improvident young man, who upon arriving at his
majority in the summer of 1858, constituted his brother, the
defendant's intestate, his attorney in fact to go to the State of
Alabama and receive his property from his guardian, which
his brother did, and in September received from said guardian
some ten or twelve negroes and about eight or nine thousand
dollars in money and notes, which last he placed in the hands
of an attorney for collection on his (intestate's) own account,
and brought the negroes (and mules, wagon, &c., which he had
bought for plaintiff) to this State and delivered the same to
plaintiff in November, who run through with the same before
the 1st of the next January.    It also appears that the plaintiff
had intermarried with the daughter of one Shields by a negro
woman, and that Shields had settled seven negroes on one
Chambers for the benefit of said half breed, with authority to
Chambers, if she should marry some one that he thought wor-
thy, to convey the negroes to him ; and about January, 1854,
Chambers (upon an agreement with the parties) had conveyed
the negroes to the plaintiff and he had conveyed them in trust
to his brother.    Also on the 20th of January, 1854, plaintiff
executed the deed of gift described in the petition.

*Yoakum & Taylor*, for appellant.

*G. F. Moore*, for appellee.

WHEELER, J.  It is not necessary to express any opinion

on the question, (which has been argued at length and with much ability by counsel for the appellee, in support of their demurrer,) whether it was competent to set up and prove by parol, a trust or use different from that which the deed imports. For, however that may be, our opinion upon the other questions presented by the record, would require the same disposition of the case. Upon the question of the sufficiency of the petition, and the right to introduce parol evidence to establish a trust contrary to the import of the deed, the judgment of the Court below was in favor of the appellant; and the only question which it is material to consider, is, whether there was error in the ruling excluding the testimony of the witness Hall, and a part of the deposition of the witness Burton. In respect to the former, there can be but one opinion. It would be very unsafe to admit evidence of conversations at so remote a period from the transaction, having, indeed, no certainty as to time, and no certain reference to the act in question. The conversation may as well be referred to the power of attorney made in 1853, as to the deed of 1854. Supposing the witness to be able to state with perfect accuracy, a conversation had so long before, it would afford too weak and uncertain an inference as to the intention of the parties at the time of making the deed, to entitle it to the character of legal evidence. Where relief is sought in equity, on the ground of mistake of facts, in the case of written instruments, "if the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief; upon the ground, that the written paper ought to be treated as a full and correct exposition of the intent, until the contrary is established beyond reasonable controversy." (Story, Eq. Sec. 152.) Where the case is referred to the decision of a jury, as it is with us, no evidence ought to be admitted which is not of so conclusive a character and tendency as to afford competent evidence upon the issue in a Court of Chancery. The rule there, is, that "relief will not be granted in the case of

written instruments, only where there is a plain mistake, clearly made out by satisfactory proofs ;" " it forbids relief, where the evidence is loose, equivocal, or contradictory, or it is in its texture open to doubt, or to opposing presumption." (Id. Sec. 157.)   The proposed evidence did not tend, with any reasonable certainty, to the conclusion it was proposed to establish, or to any certain or satisfactory conclusion as to the intention of the parties to the deed at the time of its execution.   It was quite too loose, remote, and unsatisfactory, to be submitted to a jury as competent evidence upon that issue.   (2 Johns. Ch. R. 558 ; Boyd v. McLean, 1 Id. 590.)   Indeed, it has not been contended in argument that that evidence was admissible. But it is insisted that there was error in excluding a part of the deposition of the witness Burton.

There is no principle more clearly settled, than that a complainant in a Court of equity, as well as law, must recover, if at all, upon the identical case on which he has based his right to a recovery in stating his cause of action.   This principle has been uniformly maintained by numerous decisions of this and other Courts.   (Robson v. Harwell, 6 Ga. R. 589 ; Hall v. Jackson, 3 Tex. R. 305 ; 12 Id. 327.)   The plaintiff based his right to relief and recovery,—not on the ground of mistake, which is a distinct and independent ground of relief in equity against the terms of a written contract, and proceeds upon the ground that the written contract was by mistake variant from what was intended,—but he asks relief upon the sole ground of a parol trust accompanying the execution of the deed ; proceeding upon the ground that the deed was in form and substance what the parties intended it to be ; but averring that there was a parol agreement, accompanying its delivery, raising a trust in the plaintiff, and constituting the donee a mere naked trustee with power simply to execute the express terms of the trust.   This was the clear and distinct and sole ground on which a recovery was sought ; it was the sole substantive ground on which the plaintiff asked relief.

Parker v. Beavers.

But the deposition of the witness went to prove another entirely different and distinct ground ; that is the ground of mistake ; proving that the contract was not in the form and terms which the parties intended ; and that they in fact intended it to have been a deed of trust, and not a deed of gift, in form and substance. That it clearly was not competent for the plaintiff to do, without having first laid the foundation for it in his pleadings.

The deposition went, moreover, to contradict the inference or conclusion sought by the plaintiff to be drawn from the other evidence on which he relied, as well as the case he had stated. And, moreover, it went to prove an agreement essentially variant in its terms, stipulations and conditions, from that set up by the plaintiff in his petition. A party must be supposed to know the facts of his own case, especially when it depends on an agreement to which he was a party ; and to state it according to the very truth of the case. Having stated one case, he cannot be permitted to prove another and different case ; nor, having stated one agreement, can he prove an agreement variant from that. That would be a clear departure from principle, which cannot be admitted in one case more than another. The departure may be less distinctly marked by the nature of the cause of action in one case than another ; but the principle is still the same.

We conclude that the Court did not err in rejecting the evidence, and the judgment is affirmed.

Judgment affirmed.