# I. C. DEAN AND WIFE *v.* JOHN P. LYONS.

1. TRESPASS TO TRY TITLE.—In trespass to try title, the defendant,
   under whom the plaintiff claimed in right of a conveyance from
   him to her deceased husband, pleaded specially, after the plea of
   not guilty, that the deed under which plaintiff claimed was made
   in consideration of an undertaking by plaintiff's deceased husband,
   to support defendant and his wife during their lives; that after the
   death of plaintiff's husband, the deed, which had never been deliv-
   ered, was fraudulently taken by plaintiff; that for the purpose of
   canceling the transaction, the defendant had reconveyed to plain-
   tiff's child another tract of land, which plaintiff's intestate had
   conveyed in part consideration for the land sued for, and defendant
   prayed that the conveyance to plaintiff of the land sued for be
   declared null and void.   Upon special issues submitted to the jury,
   a verdict was returned, and a decree rendered declaring the land
   bound for the support of defendant and his wife, and allowing for
   that purpose a specific sum, which if not paid from the rental of
   the land, a sufficient amount of the land should be sold to produce
   the same : *Held—*
       1. That the pleadings did not authorize such a decree.
       2. That under the pleadings, no decree could be rendered to
   enforce a trust running with the land.

APPEAL from Freestone.   Tried below before the Hon.
John P. Rector.

*J. R. Seely*, for appellants, on the proposition which is noticed in the opinion, that the pleadings were not sufficient to authorize the decree, cited 5 Tex., 305; 12 Tex., 327; 19 Tex., 410; Cuney *v.* Dupree, 21 Tex., 219; Grooms *v.* Rust, 27 Tex., 234; 16 Tex., 119.

*Likens & Stewart*, for appellee.

*Bradley & Kirven*, also for appellee.

ROBERTS, CHIEF JUSTICE.—Wealthy A. Dean, formerly Wealthy A. Lyons, surviving widow of John T. Lyons, on behalf of herself and of her infant daughter, Ida G. Lyons, brought suit in trespass to try the title for two hundred and forty-seven acres of land, as being the homestead left to her and to her daughter by John T. Lyons. An amendment alleged, that after the institution of the suit she had married I. C. Dean, who made himself a party, as her husband, and as guardian of Ida G. Lyons.

The defendant, John P. Lyons, filed an answer, alleging that the deed under which plaintiffs claim said land, was signed by him, and kept in his possession to await the execution by his son, John T. Lyons, of a written agreement and obligation to support him and his wife, Caroline Lyons, the mother of John T., which was to be the consideration for the execution of said deed, and that said John T. having been killed, without having executed said agreement and obligation, the said deed so written and signed was never delivered, and that said deed was fraudulently taken from his possession by Wealthy A.; and defendant prayed that it might be adjudged to be null and void.

The defendant amended this answer by alleging, that in addition to the said written obligation for his and his wife's support, to be executed by the said John T., he, said John T., was to give, as the further consideration, a tract of ninety-

five acres of land, to be purchased from the Rouse heirs, which, at the instance and procurement of said John T., was deeded to his mother, Caroline Lyons; that after the death of said John T., for the purpose of cancelling said trade, so far as it had been prepared for consummation, the said Caroline Lyons executed a deed to Ida G. Lyons, for the Rouse tract of ninety-five acres, at the request of said Wealthy A., because she was not able to complete and carry out the said contract, which was agreed to be made by her former husband, John T. Lyons. The consideration mentioned in all of the deeds spoken of, was one thousand dollars.

The amended answer was merely an addition to, and not an alteration of the defense previously presented, which was, that the tract of two hundred and forty-seven acres sued for was never, in fact, conveyed by John P. Lyons to his son, John T. Lyons.

Upon the issue thus presented, which was the only one presented in the pleadings of the parties, except the general issue under the plea of not guilty, the verdict and judgment were in favor of the plaintiffs.

·The court, however, after charging upon this issue, presented to the jury other and different issues, that were not embraced in the pleadings of the parties, and the jury found upon them; and upon their finding, the court proceeded to render a further judgment, that the land was bound for the support of John P. and Caroline Lyons to the extent of one hundred and seventy-five dollars annually each, during their respective lives, to be paid in semi-annual payments to each of them; that the rental value of the land was of the value of three hundred and fifty dollars; that if the land failed to produce said amounts thus to be paid to them, the deficit should be supplied by a sale of so much of the land as might be necessary for that purpose.

There was no pleading in the case designed to produce, or capable of producing, these results, nor was the evidence adduced upon the trial sufficient to establish such results, had

it been offered for such purpose, which was certainly not justified by the pleadings.

This is a fundamental error, which requires the judgment to be reversed.   (Hall & Jones *v.* Jackson, 3 Tex., 305; Thompson *v.* Thompson, 12 Tex., 327; Parker *v.* Beavers, 19 Tex., 406.)

The principal question arising upon these extraneous facts, was as to the sufficiency of the evidence to raise a trust, running with the land, as an incumbrance thereon.

Should the case be hereafter so shaped as to require the application of the rules of law upon that subject, they will be found laid down in the previous decisions of this court. (Grooms *v.* Rust, 27 Tex., 234.)

REVERSED AND REMANDED.