V. B. SMITH V. M. J. McGEHEE & Co.

(No. 685, Op. Book No. 2, p. 125.)

APPEAL from Cooke County. Opinion by WALKER, R. S., P. J.

§ 940. *Pleading; counterclaim; partnership debt.* Mc. & Co. sued S. upon an account alleged to be due the firm.

S. pleaded in defense a counterclaim, and also in reconvention for damages. Mc., without pleading it, was permitted on the trial to introduce evidence of an indebtedness which he individually claimed of S. *Held,* that it was error to admit such evidence. "A complainant in a court of equity as well as law must recover, if at all, upon the identical case on which he has based his right to recover in stating his cause of action." [Parker v. Beavers, 19 Tex. 410.] "The allegations must be broad enough to let in the proof, and no evidence not supported by the allegations can sustain a verdict." [Denison v. League, 16 Tex. 408.] And proof without allegation to authorize it should be disregarded. [Paul v. Perez, 7 Tex. 345.] And facts not alleged, though proved, cannot form the basis of a judgment. [Hall v. Jackson, 3 Tex. 309; McKey v. Welch, 22 Tex. 390; Chrisman v. Miller, 15 Tex. 159.] In this case there was no legal basis for the introduction of evidence in support of the individual account of Mc. The original suit was upon a partnership account, and no foundation was laid by the plaintiff's pleading for evidence to support any other account. The individual account cannot be regarded as a set-off. The defendant is properly said to plead in set-off, but when the plaintiff introduces a new cause of action in addition to that on which his suit is brought, it must be done by amendment of his original pleading. In this case the plaintiff Mc. could not have set up his individual account in any way, because it would have been a joinder of different causes of action in different rights.

§ **941.** *Account; pleadings upon.* The plaintiff is required to set forth his cause of action, and if founded on account, he must state or file the items thereof, under the rules of pleading which apply to the court in which the suit is instituted. The defendant in pleading a counterclaim is required by the statute to file an account stating distinctly the nature and the several items thereof.

June 23, 1880.          Reversed and remanded.