DOLORES LAND & CATTLE CO. v. W. H. JONES.

(No. 3726.)

APPEAL from Kinney County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

MAXEY & FISHER, HANCOCK & SHELLEY and COOPWOOD & COOPWOOD, counsel for appellant.

No counsel appeared for appellee.

§ **270.** *Damages for trespass upon land, etc., general and special; allegations as to; case stated.* Appellee sued appellant to recover $1,000 damages for trespass upon lands owned by appellee, and for driving and removing therefrom appellee's cattle. The following extract from the petition contains the substance of the allegations concerning the damages sought to be recovered, viz.: "Plaintiff alleges that by reason of said unlawful entry upon his premises; the removal of said stock; the utter reckless and wanton manner of scattering the said cattle as aforesaid; the necessary expenses and reasonable sums of money necessarily expended by plaintiff in gathering and replacing said cattle on their proper range; the injury to said cattle by reason thereof, and the actual loss of some of said cattle, all of which was directly caused by said defendant as before stated, and was the natural result of said defendant's actions; that plaintiff by reason thereof and in this manner has

been by defendant actually damaged in the sum of $1,000." Appellant filed the following special exceptions to said petition, to wit:

"1. Because the damages sought to be recovered were in the nature of special damages, and were not averred with sufficient certainty to advise the defendant of what plaintiff proposed to prove.

"2. Because the amounts of damage resulting respectively from each of the alleged special acts or circumstances of injury detailed in plaintiff's petition are not stated therein; and,

"3. Because, from the face of said petition, it cannot be determined how much or what part of the aggregate sum of $1,000 — the damages laid in the petition — was for money paid out by plaintiff in gathering the cattle driven from his ranch, nor how much of said $1,000 was for damages resulting from the other special acts complained of."

These exceptions were overruled and appellee recovered judgment for $600 damages. *Held:* The court erred in overruling said special exceptions. "Such damages as necessarily result from the injury are known as general damages, and may be recovered on a general allegation of damage. But when the damages are the natural consequence, but not the necessary result, of the act complained of, they are termed special damages, which the law does not imply, and must be specially alleged in order to lay a basis for proof and recovery. Some damages are always presumed to follow the violation of any right or duty, and therefore the party injured is entitled to nominal damages if none greater are proved." [Moore v. Anderson, 30 Tex. 230; Glasscock v. Schell, 57 Tex. 215; Wallace v. Finberg, 46 Tex. 36; 2 W. Con. Rep. §§ 632, 633.]

**§ 271.** *Proof must be authorized by allegation.* Over objection of appellant, the court permitted appellee to testify that he had expended more than $100 in gathering his cattle. *Held* error. "It is a familiar rule of law

that the allegation and the proof as to material matters must correspond, and that the plaintiff must recover, if at all, upon the case made by the pleading." [W. & W. Con. Rep. § 299; 2 W. Con. Rep. §§ 618, 774.] "Pleadings are intended to apprise the adverse party before the trial is commenced of the cause of action or ground of defense, in order that each party may prepare himself with his evidence in time for the contest. Neither party can be held bound to answer matters not averred in the pleadings, and hence the rule that the *allegata* and *probata* must concur." [Lemmon v. Hanley, 28 Tex. 220; Parks v. Beavers, 19 Tex. 410; Denison v. League, 16 Tex. 408; W. & W. Con. Rep. §§ 940, 1174.]

March 3, 1887.          Reversed and remanded.