ELIAS v. MISSOURI, K. & T. RY. CO. OF TEXAS et al. (No. 5,316.)

(Court of Civil Appeals of Texas. Austin. March 11, 1914. Rehearing Denied April 29, 1914.)

1. CARRIERS (§ 94*)—CARRIAGE OF GOODS—ACTIONS—BURDEN OF PROOF.

In an action against a railroad company for converting a car load of cotton seed, plaintiff was entitled to recover, where he showed a delivery to the railroad company, unless it appeared that the shipment had been delivered to the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

2. EVIDENCE (§ 354*) — PRIVATE WRITINGS — BOOKS AND ACCOUNTS.

Where plaintiff, a ginner, produced all of the written slips and accounts kept by him and his clerk at his gin and constituting all the bookkeeping necessary in his business, and showed that such bookkeeping was regularly kept, and the entries regularly made, the court erred in admitting only such of the documents as were made by plaintiff, excluding those made by the clerk.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

3. CARRIERS (§ 94*)—CARRIAGE OF GOODS—ACTIONS—EVIDENCE.

In an action against a railroad company for converting a shipment of 63,478 pounds of cotton seed, evidence that plaintiff, a ginner, had purchased 65,000 pounds in excess of the amount shipped out and sold, excluding the shipment involved, was admissible to support his claim that such shipment was delivered to the railroad company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

Appeal from Bastrop County Court; J. B. Price, Judge.

Action by A. M. Elias against the Missouri, Kansas & Texas Railway Company of Texas and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

S. L. Staples, of Smithville, and N. A. Rector, of Austin, for appellant. Orgain & Maynard and Page & Jones, all of Bastrop, for appellees.

KEY, C. J. The following is conceded to be a correct statement of the nature and re-

sult of this suit, contained in appellant's brief: "This suit was instituted in the county court of Bastrop county by appellant against the Missouri, Kansas & Texas Railway Company of Texas, and the Smithville Oilmill Company, a private corporation, located in Smithville, Bastrop county, Tex. The petition alleged that appellant, who resided at Primm, a station on the line of the defendant railway company, in Fayette county, on or about the 22d day of October, 1911, loaded one of defendant's freight cars with 63,478 pounds of cotton seed, which was of the value of $533.50, to be transported by the defendant railway company from Primm, in Fayette county, to Smithville, in Bastrop county, and to be delivered by it to the defendant the Smithville Oilmill Company, to which latter company the plaintiff had already sold said seed for said sum of $533.50, to be paid to appellant upon the delivery of said seed in the yard of said oilmill company, and after the same had been weighed. The petition further alleged that there was no agent or depot building at the town of Primm, but that for a number of years the railway company, when any freight of cotton, cotton seed, wood, or any kind of freight was to be shipped from said station to any other point, would leave empty cars at said station to be loaded by its freight patrons, who, in turn, would notify the station agent at Smithville that said cars had been loaded for shipment, and thereupon the trainmen of said railway company would stop at said station and take said car on its passing train to the point designated; and that this custom had existed for a number of years, and had been adopted by the railway company for its own convenience and that of its customers; that, when said car mentioned was loaded with cotton seed, the agent at Smithville was notified of that fact, and that its destination was the Smithville Oilmill Company at Smithville, Tex.; that, in pursuance of said notice, on or about said October 22d, one of defendant's trains, in passing Primm station, hitched onto said car of cotton seed, and hauled the same away from said Primm station, and carelessly and negligently refused and failed to deliver the same to said Smithville Oilmill Company, or destroyed or converted the same to its own use, and was therefore liable to plaintiff for the value of said cotton seed. And, in the alternative, the petition alleged that, if the defendant railway company did, in fact, deliver said car of cotton seed to the defendant the Smithville Oilmill Company, then that the defendant Smithville Oilmill Company had converted said cotton seed to its own use, and has refused to pay to appellant the value of said cotton seed, the sum of $533.50; that both defendants have refused to pay plaintiff said sum of money, to plaintiff's damage the value of said cotton seed. The defendant railway company answered by demurrer and special exceptions (which were

not presented), and also by general denial. The defendant oilmill company answered by general demurrer (which was not presented) and by general denial. The case was tried before the court without a jury, and judgment rendered that plaintiff take nothing by his suit, and that defendants recover all costs by them respectively incurred. Appellant filed his motion for new trial, which was overruled, to which he excepted, and gave notice of appeal to this court, and presents this cause for reversal upon the following assignments of error, which errors were called to the court's attention in his motion for a new trial."

To that statement counsel for appellee railway company merely add that no request was made of the court to file conclusions of fact and law; and we add that none were filed.

## Opinion.

[1] Under the first and second assignments of error appellant contends that the judgment of the court is contrary to, and not supported by, the testimony, and we sustain that contention. We do not care to discuss the evidence in detail, and deem it sufficient to say that it shows with reasonable certainty that the car load of cotton seed referred to was delivered to and received by the railway company; and, such being the case, appellant was entitled to a judgment against the railway company, unless it was made to appear that that defendant had delivered the cotton seed in question to its codefendant, the oilmill company. In any event, upon the testimony contained in the record, the plaintiff was entitled to judgment against one of the defendants, and the trial court should have determined which of the two was liable, and rendered judgment accordingly.

[2, 3] We also sustain the third assignment, and hold that the court committed error when it sustained the objection urged against the testimony referred to in that assignment. The excluded testimony comprised all of the written slips, statements, and accounts kept by the plaintiff and his clerk at his gin; and, according to the bill of exception, they would have shown the entire amount of seed purchased during that season, and they constituted, in effect, all the bookkeeping that was done, and all that was necessary to be done, in the conduct of the plaintiff's business as a ginner. In other words, the bill shows that the papers referred to comprised the plaintiff's entire bookkeeping relative to purchasing, selling, and handling cotton seed for that season, and plaintiff offered to show that the bookkeeping referred to was regularly and duly kept by himself and his clerk, and that all the entries were regularly and duly made by them. The trial court ruled that the plaintiff might introduce such of the documents referred to as were made or entered by him, but excluded those made and entered by

his clerk. We think all the testimony was admissible. McKelvey on Evid. 302, and notes. According to the bill of exception, if the excluded testimony had been admitted, it would have shown that the total amount of cotton seed purchased by the plaintiff was about 65,000 pounds in excess of the amount he had shipped out and sold, excluding the car load involved in this suit, and that fact would have tended strongly to support his claim against the railway company.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.