MISSOURI, K. & T. RY. CO. OF TEXAS v. ELIAS.   (No. 5577.)

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1916. Rehearing Denied March 1, 1916.)

1. PLEADING ☞20—PETITION—ALTERNATIVE ALLEGATIONS.

A petition alleging an unconditional liability against the defendant railway company, and in the alternative alleging that if plaintiff was mistaken another was liable, states a cause of action against the railway company, and is good as against general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 43; Dec. Dig. ☞20.]

2. PARTIES ☞25—JOINDER—RULES.

The strict rules of pleading with respect to the joinder of parties have been relaxed owing to the abolition of the distinction between law and equity and the forms of pleading.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 31, 36–40; Dec. Dig. ☞25.]

3. APPEAL AND ERROR ☞1170(1)—REVIEW—DISREGARD OF ERROR.

In an action for the loss of cotton seed, plaintiff joined a railroad company and an oil mill, judgment being rendered against the railroad company alone. Plaintiff did not appeal from the judgment, though the undisputed evidence showed that one of the parties converted plaintiff's cotton seed. Held, that as on retrial the action would proceed against the railroad company alone, the error must be deemed harmless and the judgment affirmed under rule 62a (149 S. W. x), requiring the disregarding of immaterial errors, though the joinder was improper, for it must be presumed that the evidence justified the verdict, there being no statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4454, 4540; Dec. Dig. ☞1170(1).]

4. APPEAL AND ERROR ☞907(3)—PRESUMPTION—STATEMENT OF FACTS.

Where there is no statement of facts in the record, it must be presumed that the evidence justified the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞907(3).]

Appeal from Bastrop County Court; J. B. Price, Judge.

Action by A. M. Elias against the Missouri, Kansas & Texas Railway Company of Texas and another. From a judgment against the named defendant alone, and in favor of its codefendant, defendant appeals. Affirmed.

See, also, 166 S. W. 417.

Page & Jones, of Bastrop, for appellant. S. L. Staples, of Smithville, and N. A. Rector, of Austin, for appellee.

JENKINS, J. This is the second appeal in this case. It was tried upon the same petition as in the former case. For a full statement of same, see 166 S. W. 417. Upon trial of this case, judgment was rendered in favor of appellee against the appellant, and in favor of the codefendant Smithville Oil Mill Company.

[1] Appellant's first assignment is that the court erred in overruling its general demurrer, and in support of this assignment appellant cites Oglesby's Sureties v. State, 73 Tex. 660, 11 S. W. 873, and Thorndale Mercantile Co. v. Evens & Lee, 146 S. W. 1056. In the Oglesby's Sureties Case, supra, Judge Gaines, speaking for the Supreme Court of this state, said:

"To allege in a petition against A. and B. that A. is liable if B. is not, and that B. is liable if A. is not, does not allege the unconditional liability of either."

In the instant case the appellee alleged an unconditional liability against the Railway Company, and then, in the alternative, alleged that if he was mistaken in his allegation, that the Oil Mill Company was liable to him; hence, so far as the appellant is concerned, it was not error to overrule its general demurrer.

[2-4] The second assignment of error is that the court erred in overruling appellant's special exception to the effect that appellant and the Oil Mill Company were improperly joined.

"The same strict rules of pleading do not prevail with us in respect to the joinder of parties and causes of action, as in other states where the distinction between law and equity and forms of action is recognized." Craddock v. Goodwin, 54 Tex. 582.

Practically the only injury that could have been suffered by appellant's being compelled to try the case against it with the alleged cause of action of the Oil Mill Company would have been the delay that might have been, but in this case was not, occasioned thereby, concerning which the court might have exercised a sound discretion, and the additional cost, which might have been reached by a motion to tax costs. On the other hand, had appellee been forced to try its case against appellant alone, the jury might have found that it delivered the cotton seed to the Oil Mill Company, and the evidence might have been sufficient to sustain such finding, the jury being the judges of the credibility of the witnesses and the weight to be given to their testimony. On a trial against the Oil Mill Company before another jury, it might

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have been found that the seed were not delivered, and an appellate court, for the same reason, might have been compelled to uphold that verdict. And thus, though the undisputed evidence showed that one or the other of said parties converted appellee's cotton seed, he would have lost as to both of them. But it is not necessary that we should decide this point in the instant case, for if we should sustain this assignment and reverse this case, it is apparent that it would proceed upon another trial against appellant alone, inasmuch as the judgment in favor of the Oil Mill Company is not appealed from, and therefore must be affirmed by this court. If there can be a case in which rule 62a (149 S. W. x) properly applies, we think this is such a case. There is no statement of facts in the record; hence we must presume that the testimony fully sustains the finding of the jury and the judgment of the court; and if it be true, as must be implied from the verdict of the jury herein, that the appellant received the cotton seed, as alleged in plaintiff's petition, and failed to deliver the same, no other judgment could be rendered upon another trial than that which was rendered upon the trial from which this appeal is taken. Besides this, appellee not having appealed from the judgment in favor of the Oil Mill Company, must be deemed to have abandoned his suit against that company; and as no joint liability is alleged, we see no reason why appellee might not abandon his action against that company, and we think it would be proper to treat the case here upon the theory that this is now a proceeding against appellant alone.

For these reasons we deem it our duty to affirm the judgment of the trial court herein; and it is so ordered.

Judgment affirmed.