INTERNATIONAL & G. N. RY. CO. v. REED.
(No. 5724.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 29, 1916.)

1. CARRIERS ☞227(3)—INJURY TO CATTLE— ACTIONS—VARIANCE.

There is a fatal variance between a petition alleging injury to cattle jointly owned by the plaintiffs and praying for a joint recovery and proof of a separate cause of action in favor of each plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 956; Dec. Dig. ☞227(3).]

2. ABATEMENT AND REVIVAL ☞40—DISMISSAL AND NONSUIT ☞58(1)—PLEADING ☞228—MISJOINDER—CORRECTION.

A petition which states two separate causes of action which were misjoined, may be corrected by exception or plea in abatement subject to the discretion of the court or by dismissal as to one of the causes of action.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 205–211; Dec. Dig. ☞40; Dismissal and Nonsuit, Cent. Dig. §§ 134, 138; Dec. Dig. ☞58(1); Pleading, Cent. Dig. § 219; Dec. Dig. ☞228.]

3. JUDGMENT ☞235 — COPARTIES — CORRECTION.

The variance between a petition, alleging a joint cause of action in favor of two plaintiffs, and proof of a separate cause of action in favor of each cannot be corrected by dismissing the action as to one plaintiff and rendering judgment for the other, since there is no petition authorizing the separate judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 414, 429; Dec. Dig. ☞235.]

4. JUDGMENT ☞235 — PARTIES — "FUNDAMENTAL ERROR."

Error in rendering a separate judgment for one plaintiff upon a petition stating a joint cause of action in favor of two plaintiffs is fundamental.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 414, 429; Dec. Dig. ☞235.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Jim Wells County Court; L. Broeter, Judge.

Action by J. P. Reed and another against the International & Great Northern Railway Company and others. Judgment for J. P. Reed against the International & Great Northern Railway Company, and that defendant appeals. Reversed and remanded.

Greer & Hamilton, of Laredo, W. R. Perkins, of Alice, and Wilson, Dabney & King, of Houston, for appellant. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

SWEARINGEN, J. This is a suit instituted by appellee to recover damages arising from negligence in handling cattle and delay in transportation. The cattle were shipped from Hebbronville, Tex., to Ft. Worth, Tex. There was no contract alleged, except one arising from delivery of the cattle to the Texas-Mexican Railway Company to be by it delivered to appellant. Receivers of appellant answered by general demurrer and general denial. The cause was tried before the court, without a jury, and judgment was rendered in favor of appellee for .$445.50, against appellant and in favor of the Texas-Mexican Railway Company that appellee recover nothing by his suit.

[1] There is a fatal variance between the cause of action alleged and the one proven as appears by recitals in the judgment rendered. The petition alleges a joint cause of action; the proof shows a distinct or several cause of action. The proof that the cause of action is several, and not joint, is stated by the appellee in the motion to reform the judgment, which motion was granted by the court, and the proof of a several cause of action further appears in the recitals of the judgment. That the allegation is of a joint cause appears from the fourth and eleventh paragraphs of the petition, as well as in the prayer, which are here quoted.

"(4) Plaintiffs further represent to the court that heretofore, on or about the 27th day of April, 1914, they delivered to defendant Texas-Mexican Railway Company, in good condition, at Hebbronville, Tex., a station on said defendant's line of railway, a shipment of 163 head of cattle for transportation by said defendant Texas-Mexican Railway Company and its codefendants herein, from Hebbronville, Tex., to Ft. Worth, Tex.

"(11) Premises considered, plaintiffs say that by reason of defendants' negligence in handling said shipment of cattle so roughly, and in negligently delaying said shipment of cattle as hereinabove set out, they have been damaged in the sum of $700.

"Wherefore, plaintiffs pray that defendants be cited to appear and answer to this petition, and that upon final trial plaintiffs have judgment for their damage in the sum of $700, together with legal interest thereon, for costs of suit, and for such other relief general and special as they may be entitled to in law or in equity."

The second paragraph of plaintiffs' motion to reform the judgment is as follows:

"That it appeared upon the trial of said cause that the cause of action of W. A. Reed was sepa- rate and distinct from that of J. P. Reed, and that plaintiff W. A. Reed was not a proper party to the said suit of plaintiff J. P. Reed."

The trial court granted the plaintiffs' motion to reform the judgment, and thereafter in accordance therewith entered the final judgment, in which the following statement is made:

"The court, having heard the pleadings and the evidence and argument of the counsel, is of the opinion that the cause of action of plaintiff J. P. Reed is separate and distinct from that of W. A. Reed, and that said causes of action are improperly joined in the suit, and that the cause of action of W. A. Reed should be dismissed. It is therefore ordered, adjudged, and decreed that this cause be dismissed as to plaintiff W. A. Reed, and that all such costs as have been incurred in this case by such plaintiff be adjudged against said W. A. Reed. * * * It is therefore ordered, adjudged, and decreed that plaintiff J. P. Reed do have and recover of and from the defendant International & Great Northern Railway Company the sum of $445.50, and all costs of this suit not otherwise herein adjudged."

The error apparent from the record, as indicated by the foregoing excerpts, is not one of misjoinder of two distinct causes of action by two separate plaintiffs; but is a fatal variance between the allegata and probata. There is no allegation in the petition that will admit the testimony introduced and support the judgment rendered. There is no pleading upon which to base the judgment. The petition alleges a joint cause of action, and prays for a joint recovery. The evidence and judgment support a several cause of action. In the petition J. P. Reed and W. A. Reed appear to have owned the cattle jointly. The proof and judgment flatly contradict this allegation of joint ownership. The attempt to dismiss W. A. Reed, one of the original plaintiffs, from the suit did not amend the petition upon which alone the judgment could be based.

[2] Had the petition alleged the cause of action in favor of J. P. Reed, and had also separately alleged a cause of action in favor of W. A. Reed, it would have alleged two distinct causes of action. Texas-Mexican Ry. v. Lewis, 99 S. W. 577. There would then have been a misjoinder of actions that could be corrected by exception or plea in abatement, subject, however, to the discretion of the trial court. Craddock v. Goodwin, 54 Tex. 578; M., K. & T. Ry. Co. of Texas v. Elias, 184 S. W. 312; Texas Pleading with Forms (1893) § 439.

Or the misjoinder could have been remedied by a dismissal as to one of the misjoined causes of action. Railway v. Lewis, 99 S. W. 577; Marshall v. Waldrop, 141 S. W. 315.

[3, 4] After correcting the misjoinder by dismissal of one of the two distinctly pleaded causes of action, there would still remain in the original petition a sufficient allegation upon which to found the judgment for the plaintiff not dismissed. In the case at bar the petition alleged a joint cause of action in favor of J. P. Reed and W. A. Reed.

After W. A. Reed was dismissed, the petition still alleged a joint cause of action in favor of both J. P. and W. A. Reed, and there was no pleading that alleged a several cause of action in favor of J. P. Reed alone. The only possible way to have changed the petition upon which the instant case was tried was by amendment of the petition itself. This was not done. Upon the original petition alleging a joint cause of action in J. P. and W. A. Reed, the trial court had no authority to render a judgment in favor of J. P. Reed for a separate and distinct cause of action. The trial court did this, thereby committed error, and the error is fundamental. In Middlebrook v. Zapp, 73 Tex. 31, 10 S. W. 732, Associate Justice Henry expressed the rule of law applicable to the question here, as follows:

"It is an elementary rule of pleading that the allegata and probata must correspond, and that a recovery cannot be had on a cause of action not alleged in the pleadings, however well it may be supported by proof." Longcope v. Bruce, 44 Tex. 436; Speake v. Prewitt, 6 Tex. 252; Stachely v. Peirce, 28 Tex. 335; Salinas v. Wright, 11 Tex. 572; Paul v. Perez, 7 Tex. 345; Walker v. Lewis, 49 Tex. 125.

In the case of Longcope v. Bruce, 44 Tex. 436, the rule is expressed in these words:

"The suit, by the pleadings, was a suit by Bruce and Wynn; and if the proof showed that only one of them had an interest in the property, there could be no recovery, because the proof would not have sustained the case made in the pleadings."

In support thereof the following cases are cited: Hall v. Jackson, 3 Tex. 305; Thompson v. Thompson, 12 Tex. 329; Parker v. Beavers, 19 Tex. 410.

The following authorities also announce the rule: Western Union Telegraph Co. v. Smith, 88 Tex. 13, 30 S. W. 549; Mann v. Falcon, 25 Tex. 276; Cooper v. Loughlin, 75 Tex. 527, 13 S. W. 37; Morris v. Kasling, 79 Tex. 145, 15 S. W. 226, 11 L. R. A. 398; Gammage v. Alexander, 14 Tex. 418; Brown v. Martin, 19 Tex. 344; Brinkley v. Harkins, 48 Tex. 225; Krohn v. Heyn, 77 Tex. 319, 14 S. W. 130.

Because of this fundamental error the judgment must be reversed, and the cause remanded.

Reversed and remanded.