SAN ANTONIO & A. P. RY. CO. v. DUNN.
(No. 6121.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1918.)

1. RAILROADS ⊜411(5)—KILLING CATTLE—BURDEN OF PROOF.

To recover from a railroad for killing cattle at a crossing which could not be fenced, it devolved on plaintiff to show negligence on the part of the railroad.

2. RAILROADS ⊜419(5)—KILLING CATTLE—NEGLIGENCE.

It was not the duty of a railroad's engineer to slow his train down when already running at a fairly slow rate because he saw cattle evidencing no nervousness or excitement standing 50 feet away from the track, as he could not anticipate they would attempt to cross.

Appeal from Jim Wells County Court; W. R. Perkins, Judge.

Suit by John F. Dunn against the San Antonio & Aransas Pass Railway Company. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Kleberg, Stayton & North, of Corpus Christi, for appellant.

FLY, C. J. Appellee sued appellant in the justice's court to recover damages for three head of cattle killed and two injured by a train of appellant. In the justice's court appellee recovered judgment for $160, and

on appeal by appellant to the county court judgment was rendered for appellee for $140.

The cattle were killed and injured at a public crossing when they suddenly darted across the railroad when the train was so close that it could not be stopped, although the engineer used all means in his power to stop it. The train was moving at the rate of about 18 miles an hour before the cattle were seen about 50 feet distant attempting to cross the track. When the cattle were struck, the train was going about 12 miles an hour. It was the uncontradicted testimony that the cattle, when first seen, were standing about 50 feet from the track, and when the engine was near the crossing they attempted to cross the track. The engineer, as soon as the cattle started towards the crossing, sounded the whistle and used all means in his power to stop the train, but failed and struck the cattle.

[1, 2] The crossing could not be fenced, and in order to recover it devolved upon appellee to show negligence upon the part of appellant. Railway v. Leuschner, 166 S. W. 418. That was not done, and the judgment has no evidence to support it. It was not the duty of the engineer to slow the train down because he saw cattle standing 50 feet away from the track. He could not anticipate that cattle so standing, without evidencing any nervousness or excitement, would attempt to cross the track. Railway v. Morris, 63 S. W. 888; Railway v. Byrd, 58 Tex. Civ. App. 609, 124 S. W. 738; Irving v. Railway, 164 S. W. 910. The train was running at a low rate of speed, and the whistle blew for the crossing.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended both here and in the courts below.